## McQUAID v. UNITED STATES.

### No. 10900.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 2, 1951.

Decided Nov. 20, 1951.

Messrs. James J. Laughlin and Albert J. Ahern, Jr., Washington, D.C., for appellant.

Mr. Thomas A. Flannery, Asst. U. S. Atty., with whom Messrs. George Morris Fay, U. S. Atty. at the time the brief was filed, William S. McKinley and Joseph M. Howard, Asst. U. S. Attys., were on the brief, for appellee. Mr. Charles M. Irelan, appointed U. S. Atty. subsequent to the argument in this case, also entered an appearance for appellee.

Before CLARK, PROCTOR and FAHY, Circuit Judges.

FAHY, Circuit Judge.

This is an appeal from a judgment of the District Court entered after conviction of appellant of having received stolen property in violation of § 22–2205, D.C.Code (1940).[1] The indictment, which is in one count, charged that the property was of the value of about $1115.01, which appeared in the indictment as the sum of values of various items enumerated therein. Defense counsel did not request the trial judge to

---

1. "§ 22–2205. Receiving stolen goods.
· "Any person who shall receive or buy anything of value which shall have been stolen or obtained by robbery, knowing the same to be so stolen or so obtained by robbery, with intent to defraud the owner thereof, if the thing or things received or bought shall be of the value of thirty-five dollars or upward, shall suffer imprisonment for not less than one year nor more than ten years; or if the value of the thing or things so received or bought be less than thirty-five dollars, shall suffer imprisonment for not more than two years." § 22–2205, D.C. Code (1940).

instruct the jury that they were required to find either the value of the property or whether or not its value was more or less than $35. The instruction given on the subject of value was as follows:

"＊ ＊ ＊ There must be the receipt or the purchase by the person charged of something of value—anything of value—with the knowledge upon the part of the person buying or receiving it, that it has been stolen, and the intent upon the part of that person to deprive the lawful owner permanently of it. ＊ ＊ ＊"

The jury found appellant "guilty as charged."

■ Even in the absence of a request[2] we are of the opinion the jury should have been instructed to find the value of the property, not merely that it was of some value. An essential element of the crime charged was that the stolen property° received or bought by defendant had value of more than $35. While he could be convicted of the lesser offense (in terms of punishment) included in the same statute, were the value less than $35,[3] the different degrees of the offense should have been explained to the jury and left to their determination according to their conclusion with respect to value.[4] This case well illustrates the importance of this procedure. Although the indictment set forth that the property had a value in excess of $35, the court's instruction was merely to the effect that the jury need find that the property

had some value, and the verdict was that defendant was guilty as charged. The conclusion of the jury on value was accordingly left uncertain, and we cannot say definitely whether the conviction was for the greater or the lesser offense.

■ We conclude, however, that the omission in the charge was not prejudicial because of the sentence imposed, which was for imprisonment of three to nine months.[5] Under the statute (supra, footnote 1), where the property is of the value of $35 or more imprisonment shall be for not less than one year, whereas if the value is less than $35 it might be for any period of time up to two years. The sentence given was less than that required for the more serious offense. If, therefore, we construe the verdict as a conviction of that offense, resentence might be ordered on suggestion of the United States (Barrow v. United States, 1924, 54 App.D.C. 128, 295 F. 949; Cook v. United States, 1 Cir., 1948, 171 F.2d 567, certiorari denied, 1949, 336 U.S. 926, 69 S. Ct. 647, 93 L.Ed. 1088; see, also, McDowell v. Swope, 9 Cir., 1950, 183 F.2d 856; Nancy v. United States, 9 Cir., 1926, 16 F.2d 872), or on objection by defendant (Egan v. United States, 1923, 52 App.D.C. 384, 397, 398, 287 F. 958, 971, 972; see, also, Murphy v. Massachusetts, 1900, 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711, and cases cited, where Ex parte Lange, 1873, 18 Wall. 163, 21 L.Ed. 872, is distinguished and explained). We construe King v. United States, 1938, 69 App.D.C. 10, 98 F.2d 291, to the same effect.

2. "Rule 52. Harmless Error and Plain Error.
"(b) *Plain Error.* Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Rule 52, Fed.R.Crim.P., 18 U.S.C. (1946).

3. "Rule 31. Verdict.
"(c) *Conviction of Less Offense.* The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense." Rule 31(c), Fed. R.Crim.P., 18 U.S.C. (1946). Goodall v. United States, 1950, 86 U.S.App.D.C. 148, 180 F.2d 397, certiorari denied,

1950, 339 U.S. 987, 70 S.Ct. 1009, 94 L.Ed. 1389; Burcham v. United States, 1947, 82 U.S.App.D.C. 283, 163 F.2d 761. See, also, McAffee v. United States, 1939, 70 App.D.C. 142, 105 F.2d 21.

4. Botnick v. Commonwealth, 1936, 266 Ky. 419, 99 S.W.2d 188; Vaughn v. State, 1941, 147 Fla. 12, 2 So.2d 122; People v. Fleish, 1943, 306 Mich. 8, 9 N.W.2d 905; Thompson v. State, 1945, 184 Md. 555, 42 A.2d 113; 53 Am.Jur., Trial, §§ 286, 758; see, also, McAffee v. United States, 1939, 70 App.D.C. 142, 152, 105 F.2d 21 (murder); Cartwright v. United States, 5 Cir., 1944, 146 F.2d 133, 135 (larceny).

5. The sentence was suspended and appellant was placed on probation.

698

Statements in these and other cases[6] that in the courts of the United States a sentence is void when not imposed in accordance with statute, growing out of situations where the court had in some manner exceeded its authority, as in In re Mills, 1890, 135 U.S. 263, 10 S.Ct. 762, 34 L.Ed. 107, and In re Bonner, 1894, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149, are not to be construed as requiring a new trial, particularly where the sentence is less than the statute provides. Since remedy by remand for purposes of resentence is not sought, we decide only that on the assumption stated, namely, that the verdict should be construed as though the jury found the value to be $35 or more, the judgment embodying the sentence of less than a year rendered nonprejudicial the omission in the instructions. If, on the other hand, the verdict is construed as a finding by the jury that the value of the property was less than $35, the sentence accords with the statute. On neither assumption, therefore, is there ground for reversal.

Though the situation in Bozza v. United States, 1947, 330 U.S. 160, 166, 167, 67 S.Ct. 645, 91 L.Ed. 818, was factually quite different, we believe our conclusion is within the intendment of that case. It is there indicated that the appropriate remedy for an erroneous sentence is to correct it. Here it is true the original error arose in the charge to the jury, not in the sentence, but that error, as we have seen, did not persist after sentence. Under the court's charge we are obliged to say the jury found that property of some value had been received or bought in violation of the statute. Since the sentence imposed was applicable only to the lesser offense, the error in the end, on the assumption the jury found value which made out the greater offense, could lead at most to a remand for resentence, which is not suggested or sought. We need not, therefore, consider whether the circumstances might bar even that remedy, since in any event a reversal for new trial is not warranted.

We have considered the other questions presented by the appeal. (1) As to the exclusion of certain evidence on value, the disposition of the principal question already discussed renders immaterial the contention in this regard, for on the instructions given we must take it that the jury found the property to be of some value, and this, in view of the sentence, made the question of exact value immaterial. (2) It was not an abuse of discretion for the trial court to exclude evidence of the defendant himself to explain alleged derogatory incidents in his life about which his character witnesses had been cross-examined. Such cross-examination of the character witnesses was to test their testimony as to the good character of the defendant. Josey v. United States, 1943, 77 U.S.App.D.C. 321, 135 F.2d 809. This did not open the door for rebuttal testimony of defendant himself to explain such incidents. If explanation had been sought from the character witnesses themselves, who were questioned about the incidents, a different problem might be presented. (3) The claim of prejudice arising from a question asked by the prosecutor of appellant is not well grounded. The question was excluded and the court instructed the jury to disregard evidence offered which had been excluded. The jury was advised clearly that they were to give heed only to evidence adduced from the lips of witnesses.

Affirmed.

6. For example, DeBenque v. United States, 1936, 66 App.D.C. 36, 85 F.2d 202, 106 A.L.R. 839, certiorari denied, 1936, 298 U.S. 681, 56 S.Ct. 960, 80 L.Ed. 1402, rehearing denied, 1936, 299 U.S. 620, 57 S.Ct. 6, 81 L.Ed. 457; Harman v. United States, C.C.D.Kan.1892, 50 F. 921; In re Mills, 1890, 135 U.S. 263, 10 S.Ct. 762, 34 L.Ed. 107.