Thelma L. BROCK, Appellant,

v.

UNITED STATES, Appellee.

No. 1765.

Municipal Court of Appeals for the
District of Columbia.

Argued April 23, 1956.

Decided May 18, 1956.

Carlisle H. Pratt, Washington, D. C., for
appellant.

Thomas Scanlon Sullivan, Asst. U. S.
Atty., with whom Oliver Gasch, U. S. Atty.,
and Lewis Carroll, Asst. U. S. Atty., were
on the brief, for appellee. E. Tillman Stirl-
ing, Asst. U. S. Atty., also entered an ap-
pearance for appellee.

Before HOOD, Acting Chief Judge;
QUINN, Associate Judge; and CAYTON
(Chief Judge, Retired), sitting by designa-
tion under Code, §§ 11–776(b).

CAYTON, Acting Judge.

Appellant was convicted of stealing cur-
rency from the locked brief case of an oc-
cupant of a rooming house where she was
working as a maid.

On this appeal our initial question is one
of jurisdiction. Appellant says that because
the amount of the theft was shown to be
$200 the government had no right to prose-
cute her under our petit larceny statute,
Code 1951, Supp. III, § 22–2202, which cov-
ers thefts of "any property of value of less
than $100."

We agree that in larceny cases
it is a part of the government's burden to
prove the value of the thing stolen. And in
cases of grand larceny the government un-
doubtedly has the duty to establish that the
value of the subject matter is higher than
the petit larceny classification. See Mc-

Quaid v. United States, 90 U.S.App.D.C. 59, 193 F.2d 696. But we know of no rule entitling a defendant to demand that he be prosecuted for a greater crime when the government elects to charge a lesser one. Indeed, this practice has been followed times innumerable in criminal proceedings. Directly in point is Heard v. State, Jan. 6, 1954, 160 Tex.Cr.R. 88, 267 S.W.2d 150, rehearing denied, April 7, 1954. There the court (overruling an earlier case relied on by our appellant) announced the rule that a defendant is in no position to complain that he has been convicted of a misdemeanor theft upon proof that he was guilty of a felony theft. A few months later the same question was before the same court in Saenz v. State, Tex.Cr.App., 275 S.W.2d 497. The court reaffirmed what it had said in the Heard case, and also rejected appellant's claim that there had been a variance between allegation and proof. In our case the allegation was that defendant had stolen an amount within the petit larceny statute. She has not shown, and we must decline to rule, that she was in any way prejudiced by proof that she stole more than that amount.

■ The next question is whether the evidence was sufficient to support a conviction. Defendant offered no evidence and the only testimony was that of four government witnesses to the following effect. Complainant, an occupant of a rooming house, placed $200 in cash (consisting of ten $20 bills) in his brief case which he locked; he put the brief case inside a suitcase and then put the suitcase in a closet in his room. The money was intact the next day; but two days after that it was missing. (The brief case was still locked, but complainant demonstrated that it was possible to extract the money without unlocking it.) Appellant was the maid assigned to clean complainant's room and had a key to the room. Three other keys were kept in the rooming house office, accessible to the office personnel. Appellant was taken into custody and questioned about the theft. At first she denied any knowledge of the matter; but later when the officer sent for a police matron to search her, she took eight $20 bills from her bosom and handed them to the officer.

We cannot agree that on this evidence appellant was entitled to an acquittal as a matter of law. It is true that the government's case was based in considerable part on circumstantial evidence. But the judge, as trier of the facts, could very properly have found that appellant had access to the money in the brief case and could also have concluded from all the evidence, including the inference properly deducible from her surrender of the $160, that she had taken the money. Wigfall v. United States, D.C.Cir., 230 F.2d 220; Hardeman v. United States, 82 U.S.App.D.C. 194, 163 F.2d 21; Curley v. United States, 81 U.S. App.D.C. 389, 160 F.2d 229, certiorari denied 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850, rehearing denied 331 U.S. 869, 67 S. Ct. 1729, 91 L.Ed. 1872.

Cooper v. United States, 94 U.S.App. D.C. 343, 218 F.2d 39, 41, cited by appellant, is not in point. There, because of a "total absence of any semblance of direct proof" it was held that defendant was entitled to a directed verdict of acquittal. Here, as we have seen, the government's case was much stronger.

■ Another claim of error is the admission of hearsay evidence. One of the police officers was permitted to testify that in the course of his investigation he learned that only two people, the complaining witness and defendant, had keys to the room from which the money was stolen. Conceding that this was hearsay testimony it still did defendant no harm. Almost immediately afterwards on cross-examination the witness testified, "I imagine that they have keys locked up for all of these rooms because they are losing them, from time to time, and I would assume that they have extra keys," and said that, "to my knowledge" only two people had access to the room. And a few minutes later the owner-manager of the rooming house cleared the matter up by explaining that there' were about five keys, three of which were in the possession of the office, one on the

maid's ring, and another in the possession of the roomer himself. Under the circumstances, the true facts being brought to light, and the trial being by the court without a jury, we are satisfied that the admission of the evidence complained of resulted in no prejudice to defendant.

Affirmed.