Carroll A. **PINKARD**, Appellant,

v.

**UNITED STATES of America**,
Appellee.

No. 13367.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 28, 1956.

Decided Jan. 10, 1957.

Mr. James R. Scullen, Washington, D. C., for appellant.

Mr. Alfred Burka, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee. Mr. Fred L. McIntyre, Asst. U. S. Atty., also entered an appearance.

Before FAHY, DANAHER and BURGER, Circuit Judges.

FAHY, Circuit Judge.

Appellant was convicted in the District Court of violation of § 22–3501(a), D.C.Code (1951), on an indictment charging the taking of immoral, improper and indecent liberties with a female child under sixteen years of age with the intent specified in the indictment. On the appeal he contends the evidence was legally insufficient to sustain the conviction and that the court erred in instructing the jury on flight as it applied to

him, rather than as it might have applied to another suspect. The first of these contentions we think is not well founded, and the latter we think in the context of the record is harmless error if error at all.

■ However, in reviewing the case we learn that the conviction is based in part upon a large quantity of prejudicial hearsay evidence.[1] Officer Burwell investigated the alleged crime shortly after its occurrence. In testifying on the trial he narrated freely the details of his investigation and in so doing stopped neither at hearsay nor double hearsay. He said that Frank Nicely, another witness, told him that he asked the child if the defendant had bothered her and that she responded in the affirmative. He also testified that Mrs. Vojnovich, another witness, told him that Nicely had made a similar statement to her. All this was inadmissible, for a witness who did not hear the spontaneous declarations of the child may not testify as to their content.

■ Officer Burwell's statements as to what someone told him the child said were highly prejudicial. There is no other testimony that the child identified the person who molested her. Three witnesses testified from personal knowledge as to what she said. To each she identified the person she said bothered her as "A man" or "The man." There was a man other than the defendant to whom this could refer. This other man, who was on the premises at the time, was a previously convicted sex offender. It is significant that Nicely, to whom Officer Burwell attributes the statement of what the child said, did not himself testify that he spoke to the child at all.

He said rather that someone else went alone into the room where the child was at the time.[2]

■ While one of the hearsay statements testified to by Officer Burwell was made in defendant's presence defendant did not acquiesce in its truth and thereby admit or adopt it. Hearsay accusations or implications against an accused are not admissible unless admitted or adopted by him, Kelley v. United States, 99 U. S.App.D.C. 13, 236 F.2d 746, which definitely was not done here. Defendant consistently maintained his innocence.

■ Officer Burwell testified to still other statements of Mrs. Vojnovich as to what had been told to her regarding the critical events. This is double hearsay. And he also testified that Mrs. Vojnovich told him that two boys, each of whom took the stand, told her that two men had molested the girl. This hearsay statement was very prejudicial, notwithstanding it was contradicted by later testimony. It could have led the jury to believe that both the defendant and the other suspect were involved, thereby weakening the possible inference that the other alone was the guilty person.[3]

■■ There was no objection to any of this hearsay testimony. But in a case of this nature, where the evidence of guilt is circumstantial and not altogether clear, enough has been related to show the seriousness of the non-conformity with the rules of evidence. We must reverse and remand for a new trial under the principle that "Plain errors * * * affecting substantial rights may be noticed although they were not brought to the attention of the court." Rule 52(b), Fed.Rules Crim.Proc. 18 U.S.C.A.; Mc-

---

1. We do not refer here to the testimony of spontaneous declarations made by the child, which were admissible under our decisions in Beausoliel v. United States, 71 App.D.C. 111, 107 F.2d 292; Brown v. United States, 80 U.S.App.D.C. 270, 152 F.2d 138. See, also, Snowden v. United States, 2 App.D.C. 89.

2. Officer Burwell may have confused this witness with another, but, in any case,

the testimony of neither corroborates his hearsay testimony.

3. In Officer Burwell's testimony there is also a statement in which he quoted the manner in which the other suspect protested his innocence. This is also hearsay and prejudicial, for the jury may have concluded from this that the defendant, rather than the other, may have been guilty.

Affee v. United States, 70 App.D.C. 142, 105 F.2d 21; Tatum v. United States, 88 U.S.App.D.C. 386, 190 F.2d 612; Crawford v. United States, 91 U.S.App.D.C. 234, 198 F.2d 976; Payton v. United States, 96 U.S.App.D.C. 1, 222 F.2d 794.

Reversed and remanded.