Bernard J. BARRY, Appellant,

v.

UNITED STATES of America, Appellee.

Bernard J. BARRY, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 15763, 15765.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 7, 1960.

Decided Jan. 12, 1961.

Petition for Rehearing in No. 15763 Denied Feb. 1, 1961.

Mr. Alexander Boskoff, Washington, D. C., with whom Mr. William C. Wise, Washington, D. C., (both appointed by this court) was on the brief, for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty. and Messrs. Oliver Gasch, U. S. Atty. and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. Frank Q. Nebeker, Asst. U. S. Atty., also entered an appearance in No. 15765.

Before Mr. Justice BURTON, retired,* and FAHY and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

No. 15765. Appellant was convicted and sentenced to serve from twenty months to five years in the penitentiary for violating 18 U.S.C. § 2314, the pertinent part of which is set forth in the margin.[1] The indictment charged that appellant,

---

* Sitting by designation pursuant to Sec. 294(a), Title 28 U.S.C.

1. "Whoever, with unlawful or fraudulent intent, transports in interstate or foreign

"with unlawful and fraudulent intent, did transport and cause to be transported in interstate commerce from the State of Maryland to the District of Columbia, a certain falsely made and forged security, that is, a bank check, knowing the same to be falsely made and forged."

■ An integral part of this particular offense is that the accused had knowledge that the check was falsely made and forged. In submitting the case to the jury the District Judge failed to make this clear. He first instructed the jury that appellant was charged with the crime of distributing a falsely made and forged security in interstate commerce, omitting reference to the essential element of knowledge as to the false and forged character of the check. The court then advised the jury that the specific charge was that appellant had presented a forged check knowing it to be forged, omitting that the accused was charged with transporting the check in interstate commerce with such knowledge. Later the court quoted the pertinent provisions of the statute as follows, "Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited," shall be punished as prescribed by the statute. The court immediately followed this by enumerating and explaining "the elements of the offense that the government must establish," to use the court's own language. These elements were stated to be, first, that a forged security was involved; second, that the defendant caused the forged security to be transported in interstate commerce; and third, that the defendant acted with an unlawful and fraudulent intent. Entirely omitted from this crucial portion of the instructions was advice to the jury that the government must also establish knowledge

commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited * * *

on the part of the defendant that the check was falsely made and forged.

■ Counsel for the accused in neither the District Court nor in this court made any point of the omission. But the responsibility of instructing the jury upon the essential elements of a crime rests upon the court. Failure to meet this special responsibility of the court itself need not be overlooked by an appellate court because overlooked by counsel.

"It is true that no exception was taken to the trial court's charge. Normally we would under those circumstances not take note of the error. See Johnson v. United States, 318 U.S. 189, 200 [63 S.Ct. 549, 87 L.Ed. 704]. But there are exceptions to that rule. United States v. Atkinson, 297 U.S. 157, 160 [56 S. Ct. 391, 80 L.Ed. 555]; Clyatt v. United States, 197 U.S. 207, 221–222 [25 S.Ct. 429, 49 L.Ed. 726]. And where the error is so fundamental as not to submit to the jury the essential ingredients of the only offense on which the conviction could rest, we think it is necessary to take note of it on our own motion. Even those guilty of the most heinous offenses are entitled to a fair trial. Whatever the degree of guilt, those charged with a federal crime are entitled to be tried by the standards of guilt which Congress has prescribed."

Screws v. United States, 325 U.S. 91, 107, 65 S.Ct. 1031, 1038, 89 L.Ed. 1495. (Opinion of Mr. Justice Douglas, in which Mr. Chief Justice Stone and Justices Black and Reed concurred. The other opinions in the case did not question the principle above stated but dealt with other features of the case.) And see McQuaid v. United States, 90 U.S. App.D.C. 59, 193 F.2d 696; George v. United States, 75 U.S.App.D.C. 197, 125 F.2d 559, and Kinard v. United States, 68 App.D.C. 250, 96 F.2d 522.

shall be fined not more than $10,000 or imprisoned not more than ten years, or both."
18 U.S.C. § 2314 (1958).

And see, also, as to our authority to notice plain error affecting substantial rights, although not brought to our attention by the parties, Fed.R.Crim.P. 52(b), 18 U.S.C.A.; Pinkard v. United States, 99 U.S.App.D.C. 394, 240 F.2d 632, and cases there cited.

The evidence of knowledge that the check was falsely made and forged was not strong. It was almost entirely circumstantial and not easily pieced together. While sufficient to create an issue for the jury, we think its lack of clarity enhanced the importance of awareness by the jury that knowledge at the time of transportation must be established beyond a reasonable doubt. Failure to guide the jury in this respect may well have caused them to omit consideration of this branch of the case. We are not in a position to say, in other words, that the verdict indicates that the jury found the evidence bearing upon knowledge established this essential element of the crime. The judgment accordingly will be reversed and the case remanded for a new trial or other proceedings not inconsistent with this opinion.

No. 15763. By reason of the foregoing the revocation of probation involved in the appeal in No. 15763 will be set aside, since it was based on the conviction in No. 15765. This is without prejudice to such further action with respect to probation as may be lawful and appropriate.

It is so ordered.

BASTIAN, Circuit Judge (dissenting).

The point on which this case is reversed was not raised by counsel in the District Court nor by counsel in this court. I see no justification for the exercise of our right under Fed.R.Crim.P. 52(b) to recognize plain error affecting substantial rights. Certainly counsel did not consider the omission error; the trial court was not asked to enlarge his charge to the extent required by the opinion of the majority.

Further, I think the trial judge's charge was entirely adequate. First, he stated:

"The defendant is charged with a crime known as transportation of a falsely made and forged security in interstate commerce. The specific charge is that on or about September 7, 1959, he presented at a filling station, a gasoline station, in nearby Edgewater, Maryland, a forged check, *knowing it to be forged*, and that he had requested that the check be cashed, and that it was cashed. That thereafter the forged check, being drawn on a bank located in Washington, it was transported from Maryland to the District of Columbia. That is the specific charge against the defendant." [Emphasis supplied.]

Second, thereafter he stated:

"[T]he burden of proof is on the Government to prove the defendant's guilt beyond a reasonable doubt. Unless the Government sustains this burden, and proves beyond a reasonable doubt that the defendant has committed *every element of the offense charged*, the jury must find him not guilty." [Emphasis supplied.]

Third, later in his charge he read the statute:

"This brings me to specific rules that are applicable to the case on trial.

"The pertinent provisions [sic] of the statute which defines this crime reads as follows:

"'Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, *knowing the same to have been falsely made, forged, altered, or counterfeited;* shall be punished by the penalty prescribed by the statute.'" [Emphasis supplied.]

He then stated the elements of the offense that the Government must establish:

"First, that a forged security was involved.

\*　　\*　　\*　　\*　　\*

"The second element that the Government must establish is that the defendant caused the forged security to be transported in interstate commerce.　\*　\*　\*

\*　　\*　　\*　　\*　　\*

"The third element that must be established is that the defendant committed the act with an unlawful and fraudulent intent."

As I stated above, it seems to me that the charge was entirely adequate. Further, I think the evidence of appellant's guilt was overwhelming.

So I dissent.