Order Filed May 11, 1965.

Louis MOORER, Petitioner, v. Ellis C. MacDOUGALL, Director,
South Carolina State Board of Corrections, Respondent

(142 S. E. (2d) 46)

634

*Messrs. Matthew J. Perry,* of Columbia, and *F. Henderson Moore,* and *Benjamin L. Cook, Jr.,* of Charleston, *for Petitioner.*

*Messrs. Daniel R. McLeod, Attorney General,* and *Everett N. Brandon, Assistant Attorney General,* of Columbia, and *Julian S. Wolfe, Solicitor,* of Orangeburg, *for Respondent.*

May 11, 1965.

PER CURIAM.

The defendant Moorer is under a death sentence and this matter is before us on motion for a stay of execution pending his application for a Writ of *Habeas Corpus* to the Common Pleas Court of Richland County, South Carolina, upon the several grounds hereinafter considered.

Moorer was tried and convicted at the April 1962 term of the General Sessions Court for Dorchester County, South

Carolina, of the crime of rape and the death sentence imposed. The foregoing judgment was appealed to this court and was affirmed. *State v. Moorer,* 241 S. C. 487, 129 S. E. (2d) 330. The defendant then served notice of intention to petition the United States Supreme Court for a Writ of Certiorari and was granted a stay of execution by this court for such purpose. Just prior to the expiration of this stay, the defendant formally abandoned his declared intention to petition the United States Supreme Court for a Writ of Certiorari and, instead, petitioned the Honorable John Grimball, Judge of the Fifth Judicial Circuit of South Carolina, on May 14, 1963, for a Writ of *Habeas Corpus.* A further stay of execution was granted by this court to allow the defendant to prosecute his application for such Writ in the State court. Upon this petition, testimony was heard by Judge Grimball and an order passed by him on May 17, 1963, denying the Writ. On August 30 1963, Judge Grimball held a supplemental hearing to determine if further grounds existed for the issuance of the Writ under the petition before him and found that none existed. Appeal was taken from both orders of Judge Grimball to this court and affirmed by a unanimous opinion on March 30, 1964. *Moorer v. State of South Carolina,* 244 S. C. 102, 135 S. E. (2d) 713. The defendant thereafter filed a petition for a Writ of Certiorari with the United States Supreme ·Court and a further stay of execution was granted by this court for such purpose. This petition was denied by the United States Supreme Court on October 12, 1964, 379 U. S. 860, 85 S. Ct. 119, 13 L. Ed. (2d) 63, and a reconsideration thereof subsequently denied.

Thereafter, defendant filed a petition for a Writ of *Habeas Corpus* in the United States District Court for the Eastern District of South Carolina, 240 F. Supp. 531. We denied a stay of execution for such purpose, but a stay was granted by order of the Honorable Robert W. Hemphill, a Judge of said Court on December 1, 1964. The aforesaid District Court, by order dated April 13, 1965, relinquished jurisdic-

tion of the cause and vacated its previous stay of execution for the purpose of permitting the defendant to again file a petition for Writ of Habeas Corpus in the State courts. Upon the delivery to the Clerk of this court of a certified copy of the foregoing order of the District Court, and in the absence of any notification of further proceedings by the defendant, an order was issued directing that the sentence previously imposed upon the defendant be executed on May 14, 1965.

Following the direction from this court that the sentence imposed upon Moorer be carried out, the present motion for a stay of execution was served, to which there is attached a copy of a petition by the defendant, dated March 31, 1965 for a Writ of *Habeas Corpus,* directed to the Honorable John Grimball, Judge of the Fifth Judicial Circuit.

Therefore, it appears that previous stays have been granted to the defendant for the purpose of allowing him to test the validity of his conviction by way of appeal and *Habeas Corpus.* He now seeks a further stay of sentence for the purpose of again attacking the validity of his conviction by *Habeas Corpus* although every opportunity has been heretofore afforded him to exhaust his rights under such remedy and he has been represented by counsel at every critical stage.

Since the conviction of the defendant has been affirmed on appeal, the application for a stay of the sentence is properly made to this court. Rule 28 of this court.

While a stay of execution in a death case is ordinarily granted for the purpose of allowing a defendant to pursue available remedies to test the validity of his conviction, the right to such stay is not absolute. The granting of a stay after the judgment of conviction has been reviewed and affirmed on appeal is a matter resting within the discretion of the court. In the exercise of the court's discretion in such circumstances, we may properly inquire

into and consider the grounds upon which the motion for a stay is based, including the application for a Writ of *Habeas Corpus* to determine whether there is any merit in the grounds asserted for its issuance. The burden rests upon the defendant to support his application for a stay by a *prima facie* showing of substantial merit in his application for the Writ of *Habeas Corpus. People v. Shorts,* 32 Cal. (2d) 502, 197 P. (2d) 330.

With these principles in mind, we examine the five grounds now asserted by the defendant for the issuance of a Writ of *Habeas Corpus* by the lower court.

First, he contends that Section 16-71 of the 1962 Code of Laws, as construed and applied, is so vague, indefinite and uncertain as to deprive defendant of due process of law.

Section 16-71 is as follows:

"Whoever shall ravish a woman, married, maid or other, when she did not consent either before or after, or ravisheth a woman with force, although she consent after, shall be deemed guilty of rape."

For the history of this section see *State v. Whitener,* 228 S. C. 244, 89 S. E. (2d) 701. Rape is defined as the ravishing of a woman without her consent. The age of consent is fixed by Article 3, Section 33 of the S. C. Constitution. Ravish is uniformly defined as the carnal knowledge of a woman by force and against her consent. The statute clearly defines the offense in language which apprises a violator of the prohibited conduct and is not unconstitutionally vague, and uncertain.

Second, the defendant asserts that the detention of the defendant violates due process of law in that he was convicted without evidence of every essential element of the crime and, in particular, that there was no evidence of penetration. This ground was considered and overruled in the appeal of the defendant to this court. *State*

*v. Moorer, supra,* 241 S. C. 487, 129 S. E. (2d) 330. The determination there of the identical issue now presented is conclusive and binding on the defendant.

Third, the defendant contends that the sentence of death for the crime of rape, where life was neither taken or endangered, constitutes cruel and unusual punishment and Section 16-72, which authorizes the death sentence in such circumstances violates the Eighth and Fourteenth Amendments of the United States Constitution.

This ground is based upon the contention that a sentence of death in a rape case constitutes cruel and inhuman punishment unless the facts show that life was either taken or endangered. We do not agree with this contention. However, under the facts in this case, the premise upon which the argument of the defendant is based falls. It is true that life was not taken, but the record clearly shows that the prosecutrix was brutally attacked in her own home, thrown to the floor, choked, beaten, and her life threatened and endangered by the defendant. The facts, showing that life of the prosecutrix was endangered, are summarized from the trial record in 241 S. C., at page 492, 129 S. E. (2d) 330.

We find nothing to substantiate the view that the imposition of the death sentence in this case constitutes cruel and inhuman punishment.

Fourth, the defendant contends that he was deprived of equal protection of the laws and due process of law in that over a long period of years the death penality has been discriminatorily applied in South Carolina, being reserved almost exclusively for Negroes convicted of raping white women. In argument before us, it was stated that reliance would be had upon statistics to substantiate this claim. The death penalty can only be invoked, under the statute, by the jury and in its sole discretion under the record before it. Proof of the motives or the circumstances which prompted the jury in a given case to impose the death

penalty cannot be inquired into or proven because of the inviolability of the jury room and the uncontrolled character of the determinations confided to the jury.

Statistics showing that the death sentence has been imposed in more cases involving Negroes than whites do not within themselves show discrimination. Such variation does not depend upon the race of the accused but upon the circumstances, aggravation and enormity of the crime proven in each case. These are the circumstances upon which a jury must base its verdict. The law applies to all alike regardless of race. In the trial of this case, prospective jurors were placed upon their *voir dire* in order to secure for the defendant a fair trial and the record is devoid of any intimation or contention that racial prejudice influenced in the least the verdict of the jury until the filing of this belated petition.

Fifth, he contends that he was deprived of due process and equal protection of the laws in that certain alleged prejudicial testimony was admitted at his trial. These alleged incidents arose during the trial of the case. Under a long established rule of this court, where an appeal is taken in a death case, the record is painstakingly reviewed to determine whether prejudicial error was committed in the trial irrespective of whether an assignment of error is made. Such was done in this case and no error was found. Such determination is now binding on the defendant.

We conclude that there is no merit in any of the grounds now asserted by defendant. Additionally, the motion for a stay could well be denied solely on the ground that the petition for a Writ of *Habeas Corpus* fails to state any ground, even if meritorious, which would entitle defendants to relief by way of *Habeas Corpus*. Every ground now asserted could have been raised in the trial and appeal.

After a careful consideration of all of the contentions of the defendant, the motion is hereby denied.