**UNITED STATES of America, Plaintiff,**

v.

**Darwin Evert COON, Defendant.**

**Crim. No. 64–Cr–3003.**

United States District Court
N. D. Iowa, W. D.
June 14, 1965.

Donald E. O'Brien, U. S. Atty., Sioux City, Iowa, for plaintiff.

Frank J. Margolin, Sioux City, Iowa, for defendant.

HANSON, District Judge.

This is a ruling on the defendant's motions for Judgment of Acquittal, Arrest of Judgment, and for a New Trial.

Motion for Judgment of Acquittal.

There would be no purpose here of any detailed discussion of the matters raised in paragraphs 1, 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15, and 16. These issues either go to the question of whether Hart was forced to go to the bank without his consent or are covered in the more detailed specifications. The matters as to force and lack of consent have been adequately covered in the court's previous rulings. Those rulings are incorporated into this ruling and the motions as set out in paragraphs 1, 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15 and 16 are overruled.

■ Paragraphs 7 and 8 of this motion pertain to whether or not Hart was forced to accompany Coon without his consent while Coon was entering the bank with intent to commit larceny or while Coon took or carried away with intent to steal and purloin money in the care, custody, control, management or possession of the bank. The defendant and his counsel made certain admissions. It was admitted that Coon did enter the bank with intent to commit a larceny and admitted that Coon did take and carry away money from the bank. The defendant, however, contends that he went down to the bank and took the money which his accomplice Mills had sacked up and left in the bank. Coon contends that this was done completely after the time that he and Hart had gone to the bank. Coon contends that to be guilty under the statute, he would have had to have done this at the time he took Hart to the bank. The United States contends that Coon's admissions go far enough to say that Coon did enter the bank with intent to commit the larceny and did take and carry away the money at the time he and

Hart went to the bank. It is the contention of the United States that it is not necessary to decide whether the acts can be separate in terms of time under Section 2113(e), Title 18. The court agrees and holds that upon the whole record there was sufficient evidence for the jury to find Coon forced Hart to accompany him without consent while committing offenses under Section 2113(a) and (b). Since there was evidence that an offense under both (a) and (b) was committed, the court need not decide what the situation would be if the evidence only supported (a) and not both (a) and (b). The motion as to paragraphs 7 and 8 is overruled.

Paragraphs 17, 18, and 19 go to the problem of the statute of limitations. This matter is considered in the motion for arrest of judgment. The problem will be considered under that motion and the ruling will apply to both these motions as well as the motion for new trial insofar as the statute of limitations issue is raised in that motion.

Motion for Arrest of Judgment.

With respect to the statute of limitations, the problem is simply whether the offense for which Coon was convicted was "an offense punishable by death." See Section 3281, Title 18. The time period had run on the other offenses.

■ The court considers that under the plain wording of Section 2113(e), Title 18, the crime of forcing a person to accompany him without the consent of such person in committing an offense under Section 2113(a) or (b) is punishable by death. The statute plainly says that such is the case. The court cannot write any exceptions or limitations into the statute which are not there. The "unharmed" limitation contained in Section 1201, Title 18, is not contained in Section 2113(e). This court cannot write it in. Section 2113(e) does not limit the death penalty to the felon-murder portion of the statute and this court cannot write in such a limitation. The statute contains a punishment, 10 years, which might be arguably inconsistent with a capital of-

fense but likewise the court cannot write in a limitation on such a basis in view of the clear wording of the statute. "This is not the kind of thing courts should be left to work out case by case through the 'gradual process of inclusion and exclusion.'" See the dissenting opinion in Robinson v. United States, 324 U.S. 282, 292, 65 S.Ct. 666, 672, 89 L.Ed. 944. (In that case, the facts and the issue were different than in the present case but the principle stated by Justice Rutledge applies here.)

The sole question here is whether the offense under Section 2113(e), for which the jury found Coon guilty, constitutionally is a crime punishable by death. There are two questions under the Eighth Amendment to the United States Constitution which in this case need not be reached. One, is whether the Eighth Amendment applies where the alleged cruel or unusual punishment was not in fact inflicted but where nonetheless the offense in order to be punishab'e at a'l necessitated that the offense be one for which such was "punishable by death." The second question is whether this Amendment condemns a punishment in which the severity of the punishment is disproportionate to the offense. Such disproportionate punishment is the allegation in this case. That point has been considered before. Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L. Ed. 793. (That case appears to hold that the Eighth Amendment condemns disproportionate punishment.) Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L. Ed.2d 630. (See the opinion of Warren, C. J., pp. 99–100, 78 S.Ct. 590.)

It is not necessary to discuss United States v. Parrino, 2 Cir., 180 F.2d 613, or Hattaway v. United States, 5 Cir., 304 F.2d 5. In determining whether the crime was punishable by death, the court considered the facts adduced at trial and not merely the face of the indictment.

█ The court finds that in view of the state of the law on this subject, it cannot be held that punishment by death would be under the Eighth Amendment unconstitutionally disproportionate to the crime even though it might otherwise seem excessive. Robinson v. United States, 324 U.S. 282, 65 S.Ct. 666, 89 L. Ed. 944 (no permanent harm was involved); Snider v. Cunningham, 375 U. S. 889, 84 S.Ct. 154, 11 L.Ed.2d 119 and Rudolph v. Alabama, 375 U.S. 889, 84 S.Ct. 155, 11 L.Ed.2d 119 (certiorari denied) (human life was alleged to be neither taken or endangered); Moorer v. MacDougall (S.Ct. of S.C.) 142 S.E. 2d 46 (human life neither taken or endangered). The problems involved in this respect are serious. They are set forth in Justice Goldberg's dissent in Rudolph v. Alabama, supra.

If there is no Eighth Amendment problem because the death penalty was not in fact invoked, the court considers the only constitutional problem to be whether Congress could under the due process clause write the statute of limitations and Section 2113(e) in such language as "punishable by death" when punishment by death could not in fact be given under the Eighth Amendment. It is not necessary to decide how far Congress could go in this regard because of the court's view that such punishment is not constitutionally disproportionate to the crime involved.

The defendant has argued that because in fact the jury never recommended the death penalty and the United States never asked for it, the crime was not punishable by death. That is not correct. The statute of limitations uses the word "punishable". This does not mean the death penalty must be imposed.

Paragraphs 17, 18, and 19 of the Motion for Judgment of Acquittal and paragraphs 2, 3, 4, 5, 6 and 7 of the Motion for Arrest of Judgment are based in some manner on the statute of limitations.

### Motion for New Trial.

This motion is in 12 separate paragraphs. There is no need to give them any prolonged discussion. They were all ruled on and the rulings are in the record. In paragraph 5, the defendant contends that the court erred in permitting introduction of evidence over defend-

ant's objection. The court excluded from evidence the defendant's confession and admissions. No hearing outside the jury's presence was requested on that issue. Accordingly, the Motion for New Trial is overruled in each of its 12 paragraphs.

■■ The defendant in his amendment to his motions contends that collateral estoppel or double jeopardy existed. It is well established law that when a judgment is set aside, even on a post-judgment motion, a new trial on the same charge is not barred by double jeopardy. United States v. Grabina, 2 Cir., 309 F.2d 783; Stevenson v. Boles, 4 Cir., 331 F.2d 939; United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448. Defendant's motion is based on the premise that since the charges under Section 2113(a) and (b) were dismissed as barred by the statute of limitations, no action based upon these sections can be brought under Section 2113(e). This is in substance the same argument made prior to trial. This motion was ruled on prior to trial.

■ Defendant had been under nothing which constituted jeopardy on Sections 2113(a) or (b). It is only that the statute of limitations ran. Jeopardy arises from a trial and not the statute of limitations.

■ At any rate, there is no double jeopardy because with respect to the required proofs, the offenses under Sections 2113(a) and (b) are not the "same" as required under Section 2113(e). Harlow v. United States, 5 Cir., 301 F.2d 361; Marshall v. United States, 10 Cir., 299 F.2d 141. Even if the proofs were the same, there would be no double jeopardy unless the statute of limitations operates like an acquittal to bar the evidence. This court cannot conceive that it does so operate although there is no case on this point which the court has found.

The amendment to the motions with respect to double jeopardy and collateral estoppel is overruled.

The defendant has filed a Notice of Appeal in this case. It was filed by the Clerk eight days after sentence was imposed. Under United States v. Duncan, 7 Cir., 310 F.2d 367, and United States v. Davis, 4 Cir., 320 F.2d 660, this type of notice of appeal has been considered sufficient. It is not clear whether this notice takes away the trial court's jurisdiction to rule on these motions as would be the situation in a civil case. Rule 37 (a) (2) states in part:

"Time for Taking Appeal. An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from, but if a motion for a new trial or in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion."

Since the court is overruling the motions, it is of little practical consequence in this case whether the ruling is on the merits or not. See Lott v. United States, 280 F.2d 24, 29 (5th Cir.) reversed on other grounds, 367 U.S. 421, 81 S.Ct. 1563, 6 L.Ed.2d 940.

It is, therefore, hereby ordered that all three of the defendant's motions are overruled in each and every paragraph therein.