**Arthur E. BULLOCK, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4619.**

District of Columbia Court of Appeals.

Argued May 27, 1968.

Decided July 8, 1968.

David C. Niblack, Washington, D. C., appointed by this court, for appellant.

Roger E. Zuckerman, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and William G. Reynolds, Jr., Asst. U. S. Attys., were on the brief, for appellee. James E. Kelley, Jr., Asst. U. S. Atty., entered an appearance for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

After a trial before a jury, appellant was convicted of petit larceny[1] and sentenced to one year in jail. He now brings this appeal.

The Government's only witness, a special police officer employed at Lansburgh's Department Store, testified that while on duty he saw appellant carrying a shopping bag apparently containing a box, identified by the officer as a "booster box," a box with-

1. D.C.Code 1967, § 22–2202.

out a bottom through which stolen merchandise may be passed into the bag. The officer stated that he later saw appellant in the lingerie department and observed him look around as if to see if anyone were watching, and then put merchandise into the bag. According to the officer's testimony, appellant left the department, and the officer followed him to a rest room on another floor, which appellant entered. Shortly thereafter, appellant emerged from the rest room, and the officer arrested him. The bag which appellant was carrying was found to be empty, and the arresting officer directed another employee (apparently another member of the store's special police force), one Miller, to look in the rest room, where he found in the trash can 25 slips worth $74.75, identified by their tags as coming from the lingerie department of Lansburgh's. He testified further that no one had either entered or left the rest room while appellant had been there.

At the close of the Government's case, appellant's counsel, after conferring with his client, announced in open court before the jury that appellant would take the stand. The trial judge, sua sponte, called for a *Luck* hearing,[2] and, after holding it, ruled that appellant could be impeached by a prior conviction. Appellant then chose not to testify and rested his case.

Appellant's main contentions are: first, that certain testimony elicited by the judge's questioning during appellant's cross-examination of the Government's witness constituted hearsay which, appellant's failure to object notwithstanding, should not have been admitted; and second, that conducting the *Luck* hearing in a bench conference while the jury remained in the jury box, after appellant's counsel had announced in open court that appellant would testify, was improper.

The testimony of the officer regarding the finding of the slips in the trash can, which appellant refers to as inadmissible hearsay, appears as follows:

BY THE COURT

Q: At the time, did you see anybody else come in or go out [of the rest room]? A: Yes, sir.

Q: You say he came out? A: Yes, sir.

Q: Who went in to get the slips? A: Mr. Miller. ⸱⸱⸱

Q: Did you see him go in? A: Yes, sir.

Q: Was there anybody else in there? A: *No, sir.*

Q: Where were the slips? A: *They were down in the trash can.* (Emphasis supplied.)

Evidence has been termed hearsay "when its probative force depends, in whole or in part, on the competence and credibility of some person other than the witness by whom it is sought to produce it; it is primarily testimony which consists in a narration by one person of matters told him by another."[3]

■ In the instant case, the record is unclear as to whether or not this witness was stating facts based on his own knowledge when he said that the slips were found in the trash can. However, there is nothing in the record to show that his statement was based on anything other than his own knowledge, or, specifically, that he relied on the out-of-court utterances of another. We cannot speculate regarding the character of the statement.

■ Furthermore, even if this were hearsay, appellant's counsel did not see fit to object to it; on the contrary, he used the answers elicited by the judge's questions as a basis for subsequent questions addressed to that witness in cross-examination. The weight of authority in this country, and in this jurisdiction, is that

2. Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965).

3. 31A C.J.S. Evidence § 192 (1964).

hearsay testimony to which no objection is made may be properly considered along with other evidence in determining the facts.[4] Appellant cites Pinkard v. United States, 99 U.S.App.D.C. 394, 240 F.2d 632 (1957), as authority for the proposition that even though there was no objection to this testimony, its admission should be noticed by this court as plain error. However, in *Pinkard,* where the conviction was based in part upon a large quantity of prejudicial hearsay evidence, crucial testimony of the investigating officer was laced throughout with hearsay and even double hearsay. The court stated that in "a case of this nature, where the evidence of guilt is circumstantial and not altogether clear," plain error could be found, without objection below.[5] In the instant case, however, there is much other testimony from which a jury could find that appellant was guilty of the offense, and, in fact, the testimony here objected to was clearly not crucial to the Government's case below. It should be pointed out, in addition, that the judge in his instructions cautioned the jury to consider the question of the witness's opportunity to observe that about which he testified.

Therefore, since the officer's testimony was not clearly hearsay and, even if it were, was not objected to by appellant's counsel, there was no error in its admission.

■ With respect to appellant's second contention, we find no error in the manner in which the judge conducted the *Luck* hearing. Appellant never in any way objected to the hearing, but rather took an active part in the entire proceedings. Great care was exhibited by the judge to prevent the jury's overhearing the conference or seeing the contents or the nature of papers brought to the bench by Government counsel, and the judge clearly was attempting to make appellant aware of his possible impeachment by a prior conviction. Any prejudice that might have resulted from the manner in which the *Luck* hearing was held was caused by appellant's failure to request the hearing before announcing, in the presence of the jury, that he was going to testify. The trial court's ruling permitting impeachment by a prior petit larceny conviction relating to appellant's credibility was a proper exercise of judicial discretion.

Because we find no error in the conviction, the judgment is

Affirmed.

---

4. Wilson v. District of Columbia, D.C.Mun. App., 65 A.2d 214, 216 (1949); Tirrell v. Osborn, D.C.Mun.App., 55 A.2d 725, 726 (1947); and see Annot., 79 A.L.R.2d 890, 897–909 (1961).

5. 99 U.S.App.D.C. at 395, 240 F.2d at 633. In *Pinkard* appellant was accused of taking indecent liberties with a female child under 16 years of age.