# WEST *v.* UNITED STATES.

CRIMINAL LAW; APPEALABLE ORDERS; CONFESSION.

1. An order overruling a motion for a new trial in a criminal cause is not appealable.
2. The statement by a police officer to a prisoner that "You have been telling me a pack of lies; now you had better tell the truth" is sufficient to render a consequent confession by the prisoner involuntary as a matter of law; and it is error to leave the question of whether the confession was voluntary to the jury, where the prisoner denies having made a confession, but makes ·no contradiction of the words of inducement of the officer.
3. *Quære,* whether, under such circumstances, it would not be a question for the jury, if there were a controversy whether such words were in fact used by the officer.

No. 1223. Submitted June 5, 1902. Decided June 23, 1902.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, upon the verdict of a jury finding him guilty under an indictment for housebreaking.                                *Reversed.*

The COURT in the opinion stated the case as follows:

The appellant, Robert West, was indicted in the Supreme Court of the District of Columbia for housebreaking, with intent to steal, and was convicted and sentenced to the penitentiary for five years. ·On the trial testimony was introduced by the prosecution of a confession made by him to the police officer who arrested him; and the propriety of the admission of this confession in evidence is the only question in the case. The testimony of the officer in regard to it, as stated in the record, is in the following words:

" I am a member of the Metropolitan police force. On the 16th of January, 1902, about 2:30 P. M., I was sent to

the drug store at the N. W. corner of 7th and M streets, N. W., and arrested the prisoner. I took him to the station house and into the witness room, and he told me various things, which on investigation I found were not true. I took him in there again about 6 P. M., and he was all right, but would not talk much. I again brought him in about 11 P. M., and, without making any promises of favor, nor any threats, nor holding out any inducements to him, he made a confession to me." On examination, the officer testified as follows: " I said — ' You have been telling me a pack of lies; now you had better tell the truth.' "

" Defendant by his counsel then objected to the admission of the alleged confession, for the reason that a confession made under such circumstances and in reply to such expression was deemed involuntary in law. Objection was overruled and an exception noted.

" The officer then said the defendant confessed as follows: ' I got in the house with a shoe-buttoner. I intended to steal anything I could get. I make a business of housebreaking. I have been at it for three or four years.'

" Sergeant Sprinkle was also called on the part of the Government and corroborated the testimony of officer Fortenary (the officer who had made the arrest) regarding the circumstances surrounding the making of said confession, and also said: ' I heard officer Fortenary say to defendant: ' You had better tell the truth.' It was then about 11:30 P. M. The prisoner was coatless and shoeless at the time."

The record goes on to state as follows: " Defendant's counsel objected to the above testimony on the same grounds as before stated, but it was admitted over his objection and an exception to the ruling noted.

" The defendant then took the stand as a witness on his own behalf and denied wholly the alleged confession as testified to by said officers.

" The court in its charge to the jury, among other instructions given, instructed them to consider the relations of the parties, the conversation between the officers and defend-

ant, and the time and place when the alleged confession took place, and it was for them to decide whether or not, under all the circumstances surrounding its making, it was a voluntary confession. If they considered it as involuntary, then they should disregard it; but if they found that it was made voluntarily, then it should be taken into consideration when they rendered their verdict.

" Exception was taken to the above instruction on the ground that it was a matter for the court to decide whether said confession was voluntary or involuntary."

After the verdict a motion for a new trial was filed on the ground of alleged misconduct on the part of one of the jurymen; but the motion was overruled.

Appeal from the judgment was thereupon taken to this court.

*Mr. James S. McDonogh, Mr. James A. Toomey,* and *Mr. Harry A. Hegarty* for the appellant:

1. A confession made in answer to the expression, " You had better tell the truth," under the circumstances of this case is deemed involuntary. *Biscoe* v. *State,* 67 Md. 6; *Davis* v. *United States,* 18 App. D. C. 468; *Bram* v. *United States,* 168 U. S. 532.

2. It is for the court and not the jury to decide whether or not a confession is voluntary or involuntary. Greenl. on Ev., Vol. 1, Sec. 219; Am. & Eng. Encyc. of Law (2d ed.), Vol. 6, p. 554; *Bram* v. *United States,* 168 U. S. 532.

3. Conversations between a juror and an attorney during the trial is sufficient misconduct to warrant the court in granting a new trial. *Martin* v. *Morelock,* 32 Ill. 485; *M. & O. R.R. Co.* v. *Davis,* 130 Ill. 146; *Carlyle Canning Co.* v. *B. & O. S. W. Ry. Co.,* 77 Ill. App. 396; *Blaine* v. *Cambers,* 1 Serg. & R. (Pa.) 169; *State* v. *Hascall,* 6 N. H. 363; *Bunn* v. *Croul,* 10 Johns. (N. Y.) 239; *Edney* v. *Baum,* 44 Neb. 294; *State* v. *Springer,* 34 Ga. 379; *Veneman* v. *McCurtain,* 33 Neb. 643; *Love* v. *State,* 65 Tenn.

154; *Hutchins* v. *State,* 140 Ind. 79; *Ysagere* v. *State,* 58 S. W. Rep. 1005; *Darter* v. *State,* 39 Tex. Cr. Rep. 47.

*Mr. Ashley M. Gould,* United States Attorney for the District of Columbia, and *Mr. Jesse C. Adkins,* Assistant, for the United States, appellee:

1. The granting or refusal of a motion for a new trial is always addressed to the discretion of the court, and cannot be reviewed by an appellate court. *Addington* v. *United States,* 165 U. S. 185; *Smith* v. *Mississippi,* 162 U. S. 592; *Blitz* v. *United States,* 153 U. S. 308, 312; *Price* v. *United States,* 14 App. D. C. 391, 401.

2. The confession was voluntary, and, therefore, admissible. The circumstances were very different from those in the case cited in appellant's brief. In *Biscoe* v. *State,* 67 Md. 6, the expression used by the officer to the accused was " that it would be *better for him to tell the truth and have no more trouble about it.*" In *Bram* v. *United States,* 168 U. S. 532, the court laid great stress upon the fact that Bram *" was stripped of his clothing by the police officer "* (p. 561), and that the officer had said to Bram, " If you had an accomplice you should say so, *and not have the blame of this horrible crime upon your own shoulders "* (p. 564). The statement made by the officer to the appellant here amounts to no more than advice to tell the truth, and does not hold out the slightest hope or suggest the slightest fear to the appellant. We think a careful examination of the cases will show that where the confession was excluded it will be found that the statement made to the prisoner was, " It will be *better for you* to tell the truth," or its equivalent, which is very different from the statement here. 1 Greenl. on Ev. (16th ed.) Sec. 220, and note 8; *King* v. *State,* 40 Ala. 314, 321; *Aaron* v. *State,* 37 Ala. 106; *Commonwealth* v. *Mitchell,* 117 Mass. 431; *Commonwealth* v. *Smith,* 119 Mass. 305; *State* v. *Staley,* 14 Minn. 111.

3. The trial court, however, avoided any possibility of error by leaving it to the jury, under appropriate instruc-

tions, to say whether under all the circumstances the confession was voluntary. See *Hardy* v. *United States,* 3 App. D. C. 35, 47; *Wilson* v. *United States,* 162 U. S. 613, at 624; *Davis* v. *United States,* 18 App. D. C. 468, 490.

Mr. Justice MORRIS delivered the opinion of the Court:

We have so repeatedly held in this court that the action of the trial court upon a motion for a new trial is not the subject of review here, that we must suppose that the assignment of error made in that regard in this case, was made through inadvertence. Such assignment, of course, cannot be considered.

The only question in the case is whether the alleged confession of the appellant was voluntary or involuntary in contemplation of law; and whether this should have been determined by the court, or whether under the circumstances it was properly left to the jury for its determination.

We are constrained by the authority of the Supreme Court of the United States in the case of *Bram* v. *United States,* 168 U. S. 532, to hold that the confession here was involuntary, and should not have been admitted in evidence. In various cases therein cited with approval and sustained by the majority of the court as stating the correct doctrine on the subject, the words used by the officers of the law to the prisoners in their custody to superinduce a confession were almost identical with those employed in this case. In *Rex* v. *Griffin,* Russ. & Ryl. 151, they were, "It will be better for you to confess;" in *Rex* v. *Kingston,* 4 Car. & P. 387, "You are under suspicion and you had better tell all you know;" in *Rex* v. *Garner,* 1 Den. C. C. 329, "It will be better for you to speak out;" in *People* v. *Barric,* 49 Cal. 342, "It will be better for you to make a full disclosure;" in *People* v. *Wolcott,* 51 Mich. 612, "It will be better for you to confess;" in *Commonwealth* v. *Myers,* 160 Mass. 530, "You had better tell the truth;" in *Vaughan* v. *Commonwealth,* 17 Gratt. 576, "You had as well tell all about it." Some of these words of exhortation to a confession would seem to have been innocent enough; and yet they

were each and all of them held sufficient to vitiate the confessions made in pursuance of them, and to relegate such confessions to the category of confessions involuntary in law. And if these words of inducement were objectionable, assuredly those of the present case are no less so. They are of the same precise tenor and effect.

In the case of *Wilson* v. *United States*, 162 U. S. 613, it was held that " when there is a conflict of evidence as to whether a confession is or is not voluntary, if the court decides that it is admissible, the question may be left to the jury with the direction that they should reject the confession if upon the whole evidence they are satisfied it was not the voluntary act of the defendant;" and it is argued from this that it was proper here to submit the question to the jury as it was actually submitted. But there was here no conflict of testimony. It is true that the appellant, as a witness on his own behalf at the trial, denied that he had made the confession testified to by the police officers; and that in this regard there was contrariety of testimony. But there is no contradiction by him of the words of inducement used by the officers; and those words being such as, under the decision in the Bram case, were sufficient to render the confession involuntary in law, there was nothing to be passed upon by a jury. If there had been controversy whether such words were used, the prisoner affirming and the officers denying such use, then a case might have been presented for the consideration of the jury under the ruling in the case of *Wilson* v. *United States.*

Under the authority of the case of *Bram* v. *United States,* it must be held that there was error in the admission in evidence of the alleged confession claimed to have been made by the appellant, as well as in the submission of the question to the jury whether the confession was voluntary or involuntary.

The judgment, therefore, must be *reversed, and the cause remanded to the Supreme Court of the District of Columbia, with directions to set aside the verdict, and to award a new trial. And it is so ordered.*