Leroy **PAYTON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 12416.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 18, 1955.

Decided April 14, 1955.

Mr. Edward G. Villalon, Washington, D.C., appointed by this Court, with whom

Mr. Bruce K. Bridgman, Washington, D. C., appointed by this Court, was on the brief, for appellant.

Mr. Gerard J. O'Brien, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll and Edward P. Troxell, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, WASHINGTON and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

Appellant was indicted in three counts, in one for carrying a dangerous weapon and in the other two, jointly with Frances V. Smith and James J. Horn, for housebreaking and grand larceny.[1] The court directed the jury to acquit Horn. Frances V. Smith changed her plea of not guilty to guilty. Appellant was tried and convicted on all three counts. We find no error affecting his conviction of carrying a dangerous weapon.

As to housebreaking and larceny, it appears that at about 1 a. m. on June 9, 1953, two Police officers who were driving a patrol wagon on a mission in the business section of Washington noticed a car driven by Horn, in which appellant and Frances V. Smith were also occupants. The car had clothes piled high in the back seat, and drove through a red light. The officers gave chase and the car stopped after a short pursuit. Appellant got out and ran but was caught by one of the officers and arrested at gunpoint. An open knife was dropped or thrown by appellant near the point of arrest. The car contained a number of ladies' dresses which had been stolen from a dress shop.

1. In the presence of the jury shortly before it was sworn the co-defendant Frances V. Smith changed her plea of not guilty to guilty. After the jury was sworn the court adjourned for the day. When the trial resumed the following morning the court inquired whether either side desired to call Frances V.

---

1. 47 Stat. 651, as amended, § 22–3204, D.C.Code 1951, carrying a dangerous weapon, Count 3; 31 Stat. 1323, § 22–1801, D.C.Code 1951, housebreaking, Count 1; 31 Stat. 1324, as amended, § 22–2201, D.C.Code 1951, grand larceny, Count 2,

Smith as a witness. Appellant's counsel, who was court appointed, stated his client wished to do so. The court said a certificate from the Chief Medical Officer of the District Jail had been received to the effect that she was suffering from withdrawal symptoms due to the use of narcotics and probably would be unable to be brought to court for a week or two. Counsel was not specific as to the testimony expected to be elicited from Smith but advised the court generally that his client wished the whole truth to be known. He also said his client now had a different story from that previously told counsel and more time was needed for preparation, adding that though he had been a lawyer for years he was fairly new in practice and not familiar with these things.[2] The court, however, ordered the trial to begin.

■ In the absence of clearer indication of the proof expected from Smith the denial of a continuance because she could not be present was not an abuse of discretion. J. E. Hanger, Inc. v. United States, 81 U.S.App.D.C. 408, 160 F.2d 8; Neufield v. United States, 73 App.D.C. 174, 178–179, 118 F.2d 375, 379–80, certiorari denied sub nom. Ruben v. United States, 315 U.S. 798, 62 S.Ct. 580, 86 L.Ed. 1199; United States v. Cook, 7 Cir., 184 F.2d 642. See, also, Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377. The point is a troublesome one, however, for it was apparent the desired witness had material information and the defense had every reason to believe she would be present at the trial until she changed her plea the afternoon before it began.

■ 2. Frances V. Smith's plea of guilty was received in the presence of the jurors who tried appellant. Moreover, during the taking of evidence and again when instructing the jury the court called attention to her plea of guilty. And the evidence showed a close association between Frances V. Smith and appellant in the events leading to their arrests. In this situation we think the effect of impressing the jury so forcibly with her plea of guilty prejudiced appellant's right to be tried solely on the evidence against him rather than on the admission of another's guilt. United States v. Toner, 3 Cir., 173 F.2d 140, 142; United States v. Hall, 2 Cir., 178 F.2d 853; Nigro v. United States, 8 Cir., 117 F.2d 624, 632, 133 A.L.R. 1128. To similar effect though under more aggravating circumstances see Minker v. United States, 3 Cir., 85 F.2d 425.

3. A written confession attributed to appellant was admitted in evidence. Several officers testified appellant signed it, and though he denied this we assume he did so.[3] Nevertheless it was inadmissible. According to the Government's evidence the confession was signed at the Police station about 2 or 2:30 a. m. after the arrest at about 1 a. m. The arresting officer testified the appellant had been bleeding after the arrest and had blood on his shirt. When asked by the court the cause of the bleeding the officer said he had to subdue appellant when he arrested him, because he resisted arrest.

"Q. Is that what caused the bleeding? A. And then again at the station later on, he turned on us again as we were bringing him in the station."

The bleeding thus appears to have resulted from the subduing of appellant when first arrested and later when brought into the station. Within about an hour, possibly less than an hour, the confession was signed.[4]

2. Other counsel, appointed by this court, represent appellant on this appeal.

3. The confession set forth that he went in the car to the dress shop where another boy broke into the shop and brought the dresses to appellant while the girl stood watch.

4. Another officer said that when he first saw appellant in his cell about 2 a. m. before the confession was signed, he seemed to be in semi-conscious condition, a stupor, but later when he took him upstairs he seemed to be in pretty good shape, that he did not appear to have been beaten, but when he first saw him

■ We assume the officers had authority to use the force reasonably necessary to effect the arrest and confinement. But when a confession is elicited so soon after the use of violence upon the prisoner, resulting in bloodshed, the compelling inference is that the confession is not the free act of the prisoner. It is immaterial that other coercion did not occur at the very moments he was questioned and signed the statement. Violence at the hands of the Police admittedly had occurred within about an hour. A confession made in such circumstances, and thereafter repudiated by the accused, should not be admitted in a criminal trial in a Federal court. "The undisputed facts showed that compulsion was applied. As to that matter there was no issue upon which the jury could properly have been required or permitted to pass." Ziang Sung Wan v. United States, 266 U.S. 1, 16–17, 45 S.Ct. 14, 69 L.Ed. 131; see, also, West v. United States, 20 App.D.C. 347; Lorenz v. United States, 24 App.D.C. 337, 385, certiorari denied, 196 U.S. 640, 25 S.Ct. 796, 49 L.Ed. 631; Perrygo v. United States, 55 App.D.C. 80, 83, 2 F.2d 181, 184; McAffee v. United States, 70 App.D.C. 142, 145, 105 F.2d 21, 24; for subsequent history see McAffee v. United States, 72 App.D.C. 60, 111 F.2d 199, certiorari denied, 310 U.S. 643,[5] 60 S.Ct. 1094, 84 L.Ed. 1410. While the accused in the instant case said the violence occurred when he was being questioned rather than when he was arrested and confined, this conflict with the Government's testimony is immaterial, for even if we disregard the testimony of the accused, that of the officer, not challenged by the Government, remains.

4. The court submitted to the jury the question whether or not the confession was signed by appellant, from which we assume the court intended that the jury should disregard the confession unless they found he had signed it. But there was no instruction to that effect.

■■ None of the errors referred to was called to the attention of the trial court by defense counsel. Indeed, the confession itself was explicitly not objected to, though in his cross-examination of the officers defense counsel seemed to imply doubt of its admissibility. The absence of objections ordinarily relieves an appellate court of the necessity of noticing errors, but it does not preclude the court from doing so. Rule 52(b), Fed.R.Crim.P., 18 U.S.C.A., provides:

"Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

And we have said,

" * * * It is settled that if plain error is committed in a matter vital to the defendant in a criminal case, the appellate court is at liberty to notice and correct it, even though it has not been brought to the attention of the trial judge or the appellate court in the usual manner. * * * "

McAffee v. United States, supra, 70 App.D.C. at page 151, 105 F.2d at page 30; Meadows v. United States, 65 App.D.C. 275, 82 F.2d 881.[6] We have referred to defense counsel's disclaimer of competence to cope with the situation.[7] Be that as it may the errors we have discussed affected substantial rights and

---

lying in the bunk he seemed to be awfully sleepy "or there was something wrong with him. I could not tell what it was."

5. In Stein v. People of State of New York, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522, the Court did not find that violence had in fact occurred at the hands of the officers as claimed by the accused, and did not hold the confession inadmissible as matter of law, but the following language of the Court's opinion has some relevance to the case at bar:

" * * * Physical violence or threat of it by the custodian of a prisoner during

detention serves no lawful purpose, invalidates confessions that otherwise would be convincing, and is universally condemned by the law. When present, there is no need to weigh or measure its effects on the will of the individual victim. * * * " 346 U.S. at page 182, 73 S.Ct. at page 1091.

6. The rule has been applied in civil cases as well. Richmond, F. & P. R. Co. v. Brooks, 91 U.S.App.D.C. 24, 197 F.2d 404.

7. See topic 1, supra. See, also, n. 2, supra.

deprived appellant of a fair trial on the housebreaking and larceny charges. Therefore, however unfavorably to appellant we might view the evidence, which, aside from the confession, was circumstantial, a new trial will be granted. Bollenbach v. United States, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350; Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557; Wrightson v. United States, —— U.S.App.D.C. ——, 222 F.2d 556.

 Although we find no error in the conviction of carrying a dangerous weapon,[8] the sentence for that offense is not to take effect under the judgment entered below until the expiration of the sentences imposed for housebreaking and larceny. For this reason the appropriate procedure would appear to be to vacate the judgment of conviction and to remand the case for entry of a judgment of conviction under the third count, with directions for a new trial as to Counts 1 and 2.

It is so ordered.

BASTIAN, Circuit Judge, concurs in the result.

---

8. The inadmissible confession did not relate to this charge, nor did Frances V. Smith's plea of guilty, since she was not indicted with Payton for carrying a dangerous weapon.