Robert A. MOORE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 14407.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 7, 1958.

Decided Nov. 20, 1958.

Petition for Rehearing Denied
Dec. 16, 1958.

Mr. Paul F. Mickey, Washington, D. C. (appointed by the District Court), for appellant.

Mr. Lewis Carroll, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from a conviction of violation of the narcotics laws.[1] Appellant urges that the District Court was "in error in refusing to direct a verdict of acquittal on the ground of entrapment and in failing to give any instruction dealing with entrapment although extensive evidence of entrapment heard during the trial presented, at the very least, a question for the jury on this point."

1. 21 U.S.C.A. § 174, 26 U.S.C. § 4704(a), 26 U.S.C. § 4705(a).

It is conceded that no motion for judgment of acquittal was made after the close of all the evidence, and that there was no request by trial counsel[2] that an instruction on entrapment be given. However, appellant's counsel vigorously contends that under Rule 52(b),[3] Fed. R.Crim.Proc., 18 U.S.C., we should consider the point of which he complains and which he denominates as "plain error."

So far as is material to this case, the facts said to make out entrapment as a matter of law disclose that appellant, on June 7, 1957,[4] was called to an automobile in which were riding a police officer in plain clothes, who had been assigned to narcotics work, a known drug addict and three other unidentified persons; that appellant got into the car and a conversation about purchasing narcotics ensued between appellant and the persons in the automobile, other than the police officer; that appellant told the driver of the automobile to go to a certain corner in southeast Washington; that, upon arriving at that corner, appellant told the persons in the car to "get their money right"; that appellant was given $10 in cash by the police officer and other moneys by the other persons in the car; and that appellant directed the driver to park the car and wait for him. Thereafter, appellant returned, got back into the car and gave the driver a piece of paper containing capsules, four of which were passed back to the officer. Appellant gave the change from the $10 to the latter, and was driven to the location where he first talked with the persons in the car. On examination, the capsules were found to contain narcotics. The officer testified that, although he subsequently attempted to buy further narcotics of appellant,

the latter told him on that occasion that he "was out and didn't know where he could get any."

On this, appellant contends that the doctrine of entrapment is available to him as a matter of law under the doctrine as laid down by the Supreme Court in Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848.

We are unable to agree. The facts in this case are a far cry from those in Sherman. There the undisputed evidence disclosed that both the informer and the defendant were under treatment from the same physician for drug addiction. There were a number of meetings at which the two exchanged mutual experiences regarding their addiction, and there were repeated requests by the informer before he persuaded the defendant to provide the narcotics. There was first a refusal on the defendant's part, then hesitancy, and, finally, acquiescence. The acquiescence there was predicated on the informer's presumed suffering, and the narcotics were shared by the informer and Sherman. The informer bore the cost of his share of the narcotics, plus the taxi fare and other expenses necessary to obtain the drug. In the instant case, the evidence on the part of the Government disclosed that the police officer, who was present in the car, witnessed conversation between appellant and the other persons in the car but, so far as appears, took no part in the conversation, although he did provide part of the money for the purchase. Not only was there no refusal and no hesitancy on the part of defendant, but there was ready compliance.

Further, in this case it appears that appellant, at the conclusion of the Government's case and after the overruling

2. Appellant was represented at the trial by counsel other than counsel in this court, the latter having been appointed by the District Court for the purpose of this appeal.

3. Rule 52(b): "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

4. On one occasion prior to June 7, 1957, appellant had been seen by the police officer talking to the addict referred to hereinafter, who was a "special employee" of the Metropolitan Police Department, and had been identified by the special employee to the police officer involved here.

of his motion for judgment of acquittal on the ground of entrapment [and this was the only time such a motion was made], took the stand and testified that he was not present at the times testified to by the officer, that he had never seen the officer at any time, had never had any dealings with the officer, and that he (appellant) was mistakenly identified. His attempted alibi testimony was sought to be corroborated by his wife. Of course, he offered no evidence on the so-called entrapment issue.

It therefore appears that, at the conclusion of all the testimony in the case, appellant's experienced trial counsel was confronted with the question of whether he wished or did not wish to renew his motion for judgment of acquittal on the ground of entrapment, and whether he wished or did not wish an instruction on entrapment. He might well have thought that such an instruction, if requested and granted, would lead the jury to look with considerable doubt on his defense of alibi. At any rate, he did not renew his motion for judgment of acquittal on the ground of entrapment, and made no request for instruction on that subject. After the conclusion of the judge's charge and when asked if anything further was wanted (in the way of instructions), appellant's counsel asked only that the court give a "missing witness" instruction, which the court did.

We agree with the Government that "[t]he orderly administration of justice dictates that counsel advise the court on the issues to be presented in the instructions." A defendant may not lie back, take his chance on acquittal on the issue on which he places his main or, as in this case, his sole reliance, and, when that fails, seek to have a judgment of conviction reversed on a ground not pressed on the trial court. We think that Rule 30 Fed.R.Crim.P. clearly places the obligation upon counsel to make known to the court any objections he might have to the instructions and the grounds therefor. Rule 30 provides in part:

"No party may assign as error any portion of the charge *or omission therefrom* unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." [Emphasis supplied.]

Certainly there was no objection to the court's charge and, just as certainly, appellant is entitled to no relief under Rule 52(b).

Affirmed.