**UNITED STATES of America**

v.

**Armando RESTAINO, Appellant.**

**No. 15680.**

United States Court of Appeals Third Circuit.

Argued Sept. 15, 1966.

Decided Nov. 17, 1966.

---

545

Ralph J. Kmiec, Camden, N. J. (Angelo D. Malandra, Camden, N. J., on the brief), for appellant.

Julius Altman, Asst. U. S. Atty., Scranton, Pa. (Bernard J. Brown, U. S. Atty., Scranton, Pa., on the brief), for appellee.

Before STALEY, Chief Judge, and McLAUGHLIN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

STALEY, Chief Judge.

Appellant and six others were indicted for illegally manufacturing distilled spirits. The five-count indictment included the usual allegations: possession and custody of distilling apparatus without registering it with the Secretary of the Treasury, 26 U.S.C. §§ 5179(a), 5601(a) (1); carrying on the business of a distiller without first having obtained a bond, 26 U.S.C. §§ 5173(a), 5601(a) (4); manufacture of distilled spirits on premises which have not been bonded, 26 U.S.C. §§ 5222(a) (1), 5601 (a) (7); removing, depositing and concealing distilled spirits with the intent to evade payment of taxes thereon, 26 U.S.C. § 7206(4); and conspiracy to commit the above violations, 18 U.S.C. § 371. The case against the defendant Willard A. Rau was dismissed and four of the remaining six defendants entered guilty pleas before the case came on for trial. At the conclusion of the trial, the jury found the defendant Leo I.

Sagal not guilty and the defendant, appellant herein, Armando Restaino guilty on all five counts. This appeal followed.

Of the errors which appellant alleges, all but the first deal with the court's charge. The first point springs from the court's opening remarks to the jury. Having received the guilty pleas from three co-defendants in chambers, the court informed the sworn panel of this fact prior to the taking of testimony. No objection was made by appellant's trial counsel. Appellant now urges that the court committed clear error by so informing the jury.

It is well settled that guilty pleas of co-defendants cannot be considered as evidence against those who are on trial, because "[t]he defendant ha[s] a right to have his guilt or innocence determined by the evidence presented against him, not by what has happened with regard to a criminal prosecution against someone else." United States v. Toner, 173 F.2d 140, 142 (C.A. 3, 1949); Leroy v. Government of Canal Zone, 81 F.2d 914 (C.A. 5, 1936). Unless undue emphasis is placed upon the fact that such pleas have been made, Cf., Payton v. United States, 96 U.S.App.D.C. 1, 222 F.2d 794 (1955), informing the jury that such pleas have been entered is not ordinarily erroneous. Compare Minker v. United States, 85 F.2d 425 (C.A.3, 1936). Such information or evidence has been held to be proper where the co-defendant has testified, Nigro v. United States, 117 F.2d 624, 632 (C.A.8, 1941), or where the pleas are taken during trial. United States v. Aronson, 319 F.2d 48 (C.A.2), cert. denied, 375 U.S. 920, 84 S.Ct. 264, 11 L.Ed.2d 164 (1963); Wood v. United States, 279 F.2d 359 (C.A.8, 1960). However, cautionary instructions should be given. United States v. Aronson, 319 F.2d at 52.

Appellant relies heavily on Payton v. United States, supra, for the proposition that clear error was committed. Payton is readily distinguishable. Here, unlike Payton, not only did appellant's trial counsel fail to object, he, in effect,

requested the court to inform the jury of the guilty pleas.[1,2] Moreover, the cautionary instruction given by the district court prevented any possible prejudice.[3] This is most clearly illustrated by the fact that the defendant Sagal was found not guilty. See United States v. Crosby, 294 F.2d 928, 950 (C.A. 2, 1961), cert. denied, 368 U.S. 984, 82 S.Ct. 599, 7 L.Ed.2d 523 (1962).

■ The second issue raised by appellant is that the court erred in its instruction on reasonable doubt. Relying on Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954), appellant maintains that the court committed plain error (no objection having been made) in stating: "Proof beyond a reasonable doubt is established if the evidence is such as you would be willing to rely upon and act upon in the most important of your own affairs." In Holland, the Supreme Court had before it a similar instruction. It found that the instruction would be more properly stated in terms of doubt that would cause a person to hesitate to act; however, the Court held "that the instruction as given was not of the type that could mislead the jury into finding no reasonable doubt when in fact there was some." 348 U.S. at 140, 75 S.Ct. at 138. We find that holding to be applicable here.

■ The third issue concerns the court's charge on the presumption of innocence enjoyed by a criminal defendant. Appellee has pointed out that the charge was taken verbatim from 27 F.R.D. § 2.01 at 48. We can find no error in that charge nor can an ambiguity be read into it by reference to the court's later discussion of presumption, which was taken from 27 F.R.D. § 2.04 at 51.

1. "By the Court: (Continuing) But if you want me at any time to tell this jury that these others have entered pleas and explain to them those pleas are not evidence in this case, not even an inference, I will be glad to do it.
"By Mr. Durkin [counsel for Restaino]: I think that would be very nice so far as our defendants are concerned. * * *
"By the Court: If you want me to do it, I will. When do you want me to do it?
"By Mr. Durkin: After the jury is selected.
"By the Court: Before the opening of the Government?
"By Mr. Durkin: Yes; I would recommend that be the point, yes." Notes of Testimony, p. 6.

2. Confronted with a similar situation, Judge Goodrich, sitting in the district court, noted:
"Defendants complain of the mention by the trial judge that there was a conspiracy and eight defendants had pleaded guilty to it. The mention of these other persons, as will be seen from the language of the charge, was to get them out of the jury's minds and direct the latter's attention to the persons who had stood trial. Several of the defendants who had pleaded guilty had testified. All were identified in court from time to time by various witnesses. The problem for the jury was, of course, not their guilt, but that of those who stood trial.

"It seems anomalous that that which was inserted for the defendants' protection should now be made the basis of complaint." United States v. Dewinsky, 41 F.Supp. 149, 155 (D.N.J., 1941).

3. "Now, my purpose in telling you that is to emphasize the fact to you that these other defendants who are not on trial— the fact that they have entered pleas is not to be considered by you as evidence that either of these defendants, Mr. Restaino and Mr. Sagal, are guilty. It is not to be used as evidence against any of these two defendants. As a matter of fact, it is not to be considered by you in arriving at the conclusion that any crime was committed. It does not even show an inference that either of these two defendants are guilty. I emphasize—I want to make it clear to you—that you are not to reason or speculate that just because any of these other defendants entered pleas that either one or both of these two defendants are guilty. And if you did that, that would be a violation of your oath you have just taken here to decide this case on the evidence. The fact that these other defendants have entered pleas and in one case there has been a dismissal— that fact is not evidence. The evidence is what you hear from the witness stand here in court, sworn testimony, and also maybe some stipulations or exhibits that may be entered. But that is the evidence and you must decide this case on the evidence." Notes of Testimony, p. 17.

The final question presented by this appeal is whether the district court erred in refusing to charge that since the Government had failed to call appellant's co-defendants, the jury could infer that the testimony of such witnesses, if produced, would have been unfavorable to the Government. Appellant points to United States v. Jackson, 257 F.2d 41 (C.A.3, 1958), as supporting authority. Our reading of Jackson compels a contrary conclusion.

In Jackson we held that the failure of the Government to call an "informer" was the subject of proper and vigorous comment by defense counsel and that the trial court's restriction of such argument deprived Jackson of a substantial right. The legal concepts discussed in Jackson were not new; they had ancient lineage and find their theoretical basis in the simple proposition that if a party who has evidence which bears on the issues fails to present it, it must be presumed that such evidence would be detrimental to his cause. 2 Wigmore, Evidence § 285 (3d ed.). For obvious reasons of practicality, evidence which would be merely cumulative could not raise such a presumption. Nor could the presumption operate against a person who did not have the knowledge of or the power to produce such evidence. Thus emerged the rule in Graves v. United States, 150 U.S. 118, 121, 14 S.Ct. 40, 41, 37 L.Ed. 1021 (1893):

> " * * * The rule, even in criminal cases, is that, if a party has it particularly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable."

As stated, the rule enjoys almost universal acceptance, see annot., 5 A.L.R.2d 893 (1949); the difficulty has arisen in refining it to meet various factual situations. McCormick has subsumed additional criteria into the rule itself, whereas Wigmore has enumerated various exceptions to it.[4] The differences between these two eminent authorities are merely semantical; however, we believe the McCormick statement of the rule to be the more practical of the two:

> " * * * [W]hen [1] a potential witness is available, and [2] appears to have special information relevant to the case, so that [3] his testimony would not merely be cumulative and [4] where his relationship with one of the parties is such that the witness would ordinarily be expected to favor him,[5] then if [5] such party does not produce his testimony, the inference arises that it would have been unfavorable." McCormick, Evidence § 249 at 534.

Our acceptance of McCormick's formulation of the rule is not to be taken as a repudiation of Wigmore, but rather we think its simplicity lends itself to easier application. We believe it far more rational to deal with the critical issue as one of "predictability of favor" rather than one of "greater availability." Our opinion in Jackson does not restrict this approach; in fact, it suggests it by quoting with approval McCormick's criticism of "equal accessibility." 257 F.2d at 44.

Applying the rule to the facts presently before us, the ultimate question becomes: would the testimony of appellant's co-defendants who had pleaded guilty ordinarily favor the Government? There is nothing in the record which

---

4. The most significant difference in phraseology is that McCormick specifically makes "predictability of favor" an essential part of his definition, whereas Wigmore states that the presumption should not apply where the absent witness would be biased against the party calling him, 2 Wigmore, Evidence § 287 (3d ed.), or where the witness is equally available to both parties, 2 Wigmore, Evidence § 288 (3d ed.). Wigmore notes, however, that several factors are to be considered in determining "availability," one of which is "predictability of favor." 2 Wigmore, Evidence § 288 (3d ed., 1964 Supp.).

5. The cases in which the presumption has been litigated and the results reached by various courts are collected in an excellent annotation, 5 A.L.R.2d 893 (1949).

would indicate such a tendency. This being so, the district court did not err in its refusal to charge on this point.[6]

The judgment of the district court will be affirmed.

---

5. We note that no objection is raised here with regard to the proper argument to the jury. In Jackson we adopted the positions of both McCormick and Wigmore that where the witness would equally favor both parties, the failure of their ad-versary to produce the witness is the proper subject of comment by both. See United States v. Llamas, 280 F.2d 392, 393–394 (C.A.2, 1960); United States v. Beekman, 155 F.2d 580 (C.A.2, 1946).