## UNITED STATES of America
## v.
## Russell HINES.
## Crim. No. 69–322.

United States District Court,
E. D. Pennsylvania.

Jan. 4, 1972.

Curtis C. Carson, Jr., Philadelphia, Pa., for defendant.

Louis C. Bechtle, U. S. Atty., Charles B. Burr, II, Philadelphia, Pa., for the United States.

## OPINION AND ORDER

HANNUM, District Judge.

Defendant was convicted by a jury on all counts of an indictment charging armed bank robbery. His first trial had resulted in a hung jury.

Defendant's motions for Judgment of Acquittal and New Trial are before the Court.

■ In order to buttress the identification of the defendant, the United States Attorney stated in his opening to the jury that an F.B.I. agent would testify that he exhibited a series of photographs to various bank employees approximately ten days after the bank robbery and they all identified the same photograph and the photograph was the photograph of the defendant. Defendant assigns this statement as reversible error. At trial each government witness identified the defendant and was asked a question regarding prior identification of the defendant from the photographs shown by an F.B.I. agent.

In United States v. Clemons, 445 F.2d 711 (D.C. Cir. 1971) defendant objected to his photographic identification. The Court in affirming the judgment of conviction held that if the Government is allowed to admit this photographic identification in presenting its case, then there is no reason why the jury may not be entitled to a preview of the prosecution's strategy. The prosecution's strategy is designed to buttress the in-court identification. This has been a proper and strategically sound tactic for years.

■ Defendant's second assignment of error is that the Government did not produce a witness who testified at the prior trial. Alternatively, defendant argues that the Government was required to notify him in advance of trial of its intention not to call that witness.

Defense counsel was counsel at both trials. He had the transcript of prior testimony and it reflects merely that witness Darlene Brooks identified the defendant in Court but her description of his clothing varied from that of the other witnesses. The jury was instructed that the law does not require the prosecution to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the case. United States v. Restaino, 369 F.2d 544 (3d Cir. 1966); United States v. Johnson, 371 F.2d 800 (3d Cir. 1967).

Defendant's last assignment of error is that his counsel's handling of the trial amounted to incompetence.

This case was tried by able defense counsel with high skill.

Curtis C. Carson, Jr., Esq., now Hon. Curtis C. Carson, of the Court of Common Pleas of Philadelphia County, stayed in this case under trying circumstances in the high tradition of the bar of this Court. The defendant, by lack of faith, criticism, and conduct contemptuous of the devotion and exemplary advocacy of his counsel made his counsel's job difficult. Counsel, despite these burdens behaved himself in the office of attorney within this Court to the best of his learning and ability, and with all good fidelity as well to the Court as to his client.

Defendant's assignments are devoid of merit.