Warren H. Coolidge, U. S. Atty., and David W. Long, Asst. U. S. Atty., for appellee.

David S. Henderson, for appellant.

Before BRYAN and CRAVEN, Circuit Judges, and LEWIS, District Judge.

**UNITED STATES of America,**
**Appellee,**

v.

**Anthony Stephen CABBELL, Appellant.**

**No. 14140.**

United States Court of Appeals,
Fourth Circuit.

June 10, 1970.

PER CURIAM:

A September 13, 1969 indictment charged Anthony Stephen Cabbell with stealing Government property valued in excess of one hundred dollars in violation of 18 U.S.C. § 641. Tried by a jury, he was found guilty of unlawfully taking hand grenades from a Camp Lejeune Marine Base magazine. A five-year prison term was imposed on October 24, 1969. Finding oral argument of this appeal unnecessary, we summarily affirm.

Cabbell raises for our consideration three issues. The first involves the sufficiency of the evidence regarding both asportation of the property and Government ownership. A review of the record convinces us that the proof was satisfactory on these elements.

Next, Cabbell urges error in the failure of the trial judge to instruct on a lesser included offense. At trial, no objection was raised. We see no reason to reverse, particularly in view of the uncontradicted evidence establishing the value of the grenades at over one hundred dollars. See Logan v. United States, 133 U.S.App.D.C. 365, 411 F.2d 679, 682 (1968).

Finally, Cabbell seeks reversal on the ground that the instruction of the District Court, defining the stat-

**148**

utory term "steal",[1] did not detail the element of asportation. United States v. Brown, 285 F.2d 528 (4 Cir. 1961). However, no objection was raised at trial. In these circumstances, with evidence abundantly establishing this element, we think the charge was not prejudicial. See Kramer v. United States, 408 F.2d 837, 840 (8 Cir. 1969); cf. United States v. Davis, 320 F.2d 660, 661 (4 Cir. 1963).

Affirmed.

Affirmed.

---

1. The trial judge stated: "The word 'steal' as used in the statute means any dishonest transaction whereby one person obtains that which rightfully belongs to another and deprives the owner of the rights and benefits of ownership."