

Vincent J. Flynn (Court-Appointed), Michael H. Tarkoff, Miami, Fla., for defendant-appellant.

A. Scott Miller, Linda Collins Hertz, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Efren CORTES, Defendant-Appellant.**

**No. 79–5010.**

United States Court of Appeals, Fifth Circuit.

Oct. 23, 1979.

Before GEWIN, AINSWORTH and REAVLEY, Circuit Judges.

PER CURIAM:

Appellant, Efren Cortes, attacks the trial court's denial of his motion to compel the government to elect between the charges of possession of cocaine with intent to distribute and the actual distribution of the cocaine. Cortes was charged in a two count indictment; each count alleged a separate violation of 21 U.S.C. § 841(a)(1) (1976).[1] The motion was made prior to trial and was renewed at the conclusion of the evidence. Both counts result from a single sale of cocaine by Cortes to an undercover D.E.A. agent.

It is important to distinguish what this case is not about. *United States v. Hernandez,* 591 F.2d 1019 (5th Cir. 1979) is inapplicable because the problem there was the consecutive sentences imposed by the trial court after conviction on both counts. Cortes does not complain about the concurrent sentences he received. *See United States v. Woods,* 568 F.2d 509 (6th Cir. 1978). Nor does this case involve a question of duplicity where the indictment is said to charge two offenses in one count. *See*

---

1. 21 U.S.C. § 841(a)(1) reads, in pertinent part:
   (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
   (1) to . . . distribute . . . or possess with intent to . . . distribute . . . a controlled substance.

*United States v. Viserto*, 596 F.2d 531 (2d Cir. 1979); *United States v. Orzechowski*, 547 F.2d 978 (7th Cir. 1976), *cert. denied*, 431 U.S. 906, 97 S.Ct. 1701, 52 L.Ed.2d 391 (1977); *United States v. Herbert*, 502 F.2d 890 (10th Cir. 1974), *cert. denied*, 420 U.S. 931, 95 S.Ct. 1134, 43 L.Ed.2d 403 (1975).

The only complaint here is that the trial court should have forced the government to elect to go to the jury either on the possession with intent to distribute count or on the distribution count. Had the government been forced to do so, appellant claims this would have enabled him to argue that the government had proved the omitted charge rather than the charge before the jury. In other words, appellant wants to put the government to an election so that he can argue that the government elected erroneously. He is not entitled to this advantage.

Finding no error, the conviction is AFFIRMED.