**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Booker T. WRIGHT,
Defendant-Appellant.**

**No. 80–5514
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.*
Unit B

Nov. 12, 1981.

* Former Fifth Circuit case, § 9(1) of Public Law 96–452—October 14, 1980.

Tim Moran (Court-appointed), Tampa, Fla., for Wright.

Michael C. Addison (Court-appointed), Tampa, Fla., for Montgomery.

Don-Paul Cox, Asst. Dist. Atty., Tampa, Fla., for the U. S.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

GODBOLD, Chief Judge:

Appellant was convicted of several counts arising from the robbery of a United States post office and subsequent negotiations of stolen money orders.[1]

The court did not err in denying Wright's motion for directed verdict of acquittal as to Count Five, violation of 18 U.S.C. § 641 and 18 U.S.C. § 2, on the ground the government failed to prove the value of the property stolen, a postal money order machine and two validating plates, alleged to have a value in excess of $100. The government introduced no direct evidence of value or cost of the machine and plates. In cases under § 641 where the stolen property consists of blank money order forms we have rejected the argument that they have no value beyond the paper on which they are printed and have held that the value requirement may be met by the face value of, or the amount received for, filled in blank money orders, or the value of the blanks in a thieves' market for blank money orders. *U. S. v. Bullock*, 451 F.2d 884 (5th Cir. 1971); *U. S. v. Moore*, 571 F.2d 154, 157 (3d Cir.), *cert. denied*, 435 U.S. 956, 98 S.Ct. 1589, 55 L.Ed.2d 808 (1978). The same approach applies to valuing the machine and the validating plates. Regardless of what they cost the post office their

---

1. Count One, assaulting and putting in jeopardy the life of a post office employee in course of a robbery; Count Two, possession of two postal money orders knowing them to be stolen; Count Three, conspiracy to possess stolen money orders; Count Four, possession of a stolen money order knowing it to be stolen; Count Five, possession of a money order machine and validating plates having a value in excess of $100, knowing them to be stolen.

true value to appellant, or in a thieves' market, arises from their capacity to produce authentic though fraudulent money orders from the blanks that were stolen. Without the machine and the plates the blanks were valueless paper. By using the machine and the plates the appellant made stolen forms of no face value into $24,000 face value of validated money orders. This evidence of the creative capacity of the stolen items was sufficient to support a conclusion that they had a value far in excess of $100. Since there was sufficient evidence of value in excess of $100, the sentence of five years on Count Five was within statutory limits.

■ Wright was charged with both robbery of a post office, 18 U.S.C. § 2114, and possession of property stolen in the robbery, 18 U.S.C. § 641. He could not be convicted of both charges. His motion for directed verdict was granted at the close of the government's case with respect to the robbery count. There is no merit to the contention that the government should have been required to elect between counts. *U. S. v. Cortes*, 606 F.2d 511, 512 (5th Cir. 1979).

■ The court did not improperly exercise its discretion in denying Wright's motion for a severance from the trial of co-defendant Gregory Montgomery.[2] While Montgomery testified extensively as to his own involvement in the offenses and referred to Wright by name many times, his testimony concerning Wright was largely exculpatory. Most of the damaging testimony concerning Wright came from other witnesses. There were no antagonistic defenses.

The evidence against Wright on Count Three (and all other counts) was sufficient. The court properly denied Wright's motion for a new trial based on alleged insufficiency.

There is no merit to the contention that Wright was entitled to a new trial because counsel for co-defendant Gregory Mont-

gomery commented on Wright's failure to testify. There was no such comment.

The judgment of convictions is AFFIRMED.

---

2. Montgomery's appeal was dismissed because he escaped custody and became a fugitive.

