**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Willie LANGSTON, Charles Dean, Pete Melton, a/k/a Robert E. Melton, Defendants–Appellants.**

**No. 88–3906.**

United States Court of Appeals,
Eleventh Circuit.

June 26, 1990.

Armando Garcia, Tallahassee, Fla., for Langston.

Charles A. McMurry, Tallahassee, Fla., for Dean.

Eric J. Haugdahl, Tallahassee, Fla., for Melton.

Patricia A. Kerwin, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before EDMONDSON, Circuit Judge, HILL * and HENDERSON, Senior Circuit Judges.

PER CURIAM:

In a trial in the United States District Court for the Northern District of Florida a jury found William Langston, Pete Melton and Charles Dean guilty of numerous crimes and misdemeanors involving the theft, conversion and removal of trees and timber from the Apalachicola National Forest.[1] Langston maintains that his conviction should be reversed because of outrageous conduct by the government agents. Melton also raises that issue along with several others, including (1) a violation of the sixth amendment protection against double jeopardy, (2) the improper aggregation of the "takings" to create a felony violation and (3) the district court's failure to instruct the jury on the lesser included misdemeanor offense proscribed by section 641. Dean, like Melton, urges that the value of the timber taken failed to exceed $100.00 and that the court erred in failing to instruct the jury on the lesser included offense. He also assigns as error the district court's imposition of $1,100.00 as restitution. We affirm.

The only issue requiring meaningful consideration is Dean and Melton's claim that the district court erred in declining to instruct the jury on the lesser included misdemeanor offense made illegal by section 641.[2] In pertinent part, section 641 provides as follows:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority,

---

\* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

1. Each of the three appellants was found guilty of violating 18 U.S.C. §§ 641 and 2. Section 641 makes it a felony to steal or convert United States property valued in excess of $100.00. That section makes similar conduct involving property valued at less than $100.00 a misdemeanor. The appellants were convicted of a felony. They also were found guilty of several

misdemeanor violations of 18 U.S.C. §§ 1852 and 2. Section 1852 prohibits cutting and removing timber from public lands. The jury acquitted all of the appellants on Count XII of the indictment, which charged them with a conspiracy pursuant to 18 U.S.C. § 371.

2. We have reviewed the remaining assignments of error and find them without merit. Those arguments do not warrant further discussion.

sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof. . . .

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both.

The word 'value' means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

"For the offense proscribed by 18 U.S.C. § 641 to amount to a felony, there must be both charge and proof that the value of the property stolen ... exceeds the sum of $100.00." *Theriault v. United States,* 434 F.2d 212, 214 (5th Cir.1970), *cert. denied,* 404 U.S. 869, 92 S.Ct. 124, 30 L.Ed.2d 113 (1971).[3] "[T]he question of value in a § 641 proceeding is within the province of the jury rather than that of the sentencing Judge." *United States v. Devall,* 462 F.2d 137, 142 (5th Cir.1972), *quoted in United States v. Kroesser,* 731 F.2d 1509, 1517 (11th Cir.1984).

 While the question of value is one for the jury, "the district court has broad discretion in constructing its charge within the confines of the law and the facts at hand." *United States v. Orr,* 825 F.2d

1537, 1542 (11th Cir.1987), citing *United States v. Gold,* 743 F.2d 800, 819 (11th Cir.1984), *cert. denied,* 469 U.S. 1217, 105 S.Ct. 1196, 84 L.Ed.2d 341 (1985).[4] Even though some of the elements of the crime charged themselves constitute a lesser crime theoretically entitling a defendant to an instruction on the lesser included offense, the trial court should withhold such an instruction where the evidence fails to justify its inclusion. *See Sansone v. United States,* 380 U.S. 343, 349, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882, 887–88 (1965); *Berra v. United States,* 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956); *United States v. Pirolli,* 742 F.2d 1382, 1387 (11th Cir. 1984). But when the evidence would permit a jury rationally to find a defendant guilty of the lesser offense and acquit him of the greater, the defendant is entitled to an instruction on the lesser included offense. *See Beck v. Alabama,* 447 U.S. 625, 635, 100 S.Ct. 2382, 2388, 65 L.Ed.2d 392, 401 (1980), citing *Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844, 847 (1973). The issue before us, then, is whether the evidence created a dispute as to the value of the timber taken thereby warranting an instruction on the lesser included misdemeanor offense. Taking into consideration the evidence presented in this case and the argument in support of the lesser included offense instruction sought by Dean's counsel,[5] we conclude

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

**4.** In the context of a section 641 prosecution, the district court bears the responsibility of determining the appropriate measure of value under the circumstances of that particular case. *See Kroesser, supra.*

**5.** The record fails to reflect either Melton's request for the disputed instruction or his objection to its omission. In light of that failure, Melton must establish that the alleged deficiency constitutes "plain error." *See United States v. Solomon,* 856 F.2d 1572, 1574 (11th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989). In view of the uncontradicted evidence establishing the value of the timber at over $100.00, *see* discussion *infra,* we find no plain error in the district court's refusal to instruct on the lesser included offense. *See*

*United States v. Cabbell,* 427 F.2d 147 (4th Cir. 1970).

In his reply brief, Melton represents that "[d]uring the trial, the court agreed that for the purpose of the record, each counsel could assume that an objection made by one counsel was adopted by all counsel unless someone opted out." Reply Brief of Appellant Robert Melton at p. 8. It does not appear that such an arrangement applies to requests for jury instructions. *See* ROA Vol. 6 at p. 95. In any event, considering our disposition of the claim on the merits, Melton cannot prevail on this issue.

Likewise, the record does not indicate that Dean submitted a written request for the lesser offense instruction. However, such an instruction was before the court and was included within the court's proposed instructions in connection with the charges against one of Dean's codefendants who is not a party to this appeal, and Dean through his counsel orally requested that the court so instruct the jury. ROA Vol. 11

that the district court correctly refused to instruct the jury on the lesser included misdemeanor offense.

In count one of the indictment, the grand jury charged Langston, Dean and Melton as follows:

> That on or about January 1, 1987, continuing and up through May 8, 1987, in the Northern District of Florida defendants

> WILLIE LANGSTON
> CHARLES DEAN
> PETE MELTON, a/k/a ROBERT E. MELTON

> did unlawfully embezzle, steal, purloin and knowingly convert to their use and the use of another and without authority, did sell, convey, and dispose of a thing of value, that is, to wit, Atlantic White Cedar also known as juniper, belonging to the United States and to a department and agency thereof, to wit, the United States Department of Agriculture, Forest Service, and having a value in excess of one hundred ($100.00) dollars, all in violation of 18 U.S.C. Section 641 and 2.

During the trial, the uncontradicted evidence disclosed that the undercover government agents agreed to purchase and the defendants agreed to provide 1,000 to 1,500 board feet of timber. The government agents agreed to meet the price quoted by Melton of $300.00 per thousand board feet for logs less than eight feet long and $350.00 per thousand board feet for logs eight feet long and longer. These terms were consistent with the prices prevailing at mills in the area. *See* ROA Vol. 6 at p. 108–10 and Vol. 10 at p. 155. Following a misunderstanding which resulted in the first load of logs being delivered to Cairo Ingram's saw mill,[6] Langston, Dean and Melton delivered to the government agents seven logs amounting to 159 board feet.[7] This first delivery occurred on April 21, 1987. Four logs were delivered on April 23, 1987, and twenty-two logs were delivered on April 26, 1987. The thirty-three logs delivered to the government amounted to 907 board feet using the Doyle scale, 1130 board feet employing the Scribner scale and 1245 board feet pursuant to the International scale. Applying the agreed upon prices of $300.00 or $350.00 per thousand board feet according to their lengths, the logs were valued at $313.30 under the Doyle method, $394.50 under the Scribner rule and $428.50 under the International rule. *See* ROA Vol. 9 at pp. 20–29. The defendants received a total of $313.00 for their efforts.[8]

Clearly, the thirty-three logs delivered by the defendants exceeded $100.00 in value according to each of the measurement methods identified above. Moreover, while there exists some dispute about the exact value of the timber delivered depending upon the method employed and the quality

---

at p. 209. Since the government concedes that "Dean requested such an instruction," Brief of Government at p. 35, we will consider this assignment of error. However, we offer no opinion as to whether this procedure complies with Fed.R.Crim.P. 30, which requires that a party "file written requests that the court instruct the jury on the law as set forth in the requests."

6. Ingram was a codefendant in this case who is not before the court on this appeal.

7. Numerous methods are available by which the timber industry measures the board footage of timber, including the Doyle scale, the Scribner Decimal Rule and the International One Quarter Rule. The footage included here was arrived at according to the Doyle method.

8. In considering whether a series of takings constitutes one or more than one offense under 18 U.S.C. § 665, our predecessor court held that the answer must turn on the factual circumstances of each case. *United States v. Billingslea,* 603 F.2d 515, 520 (5th Cir.1979). The discussion therein guides our consideration of the series of takings here. Though observing that factors such as the temporal and geographical proximity of the several takings may be germane, the court placed the focus of the inquiry "at or near the starting point of the illegal activity." *Id.* In the case *sub judice,* the defendants agreed at the outset to deliver some 1,000 board feet of timber. After one aborted attempt, the defendants successfully delivered approximately that amount during a seven-day period. The takings here were not separate takings and separate sales; instead, the takings and deliveries constituted the satisfaction of an "order" for 1,000–1,500 board feet of timber. Thus, the district court properly considered the total quantity of timber delivered, the total value of the timber and the full amount paid to the defendants in determining that the value of the timber exceeded $100.00.

of the timber taken,[9] no dispute exists about the amount of money in fact paid to the defendants. Both Dean and Melton base their argument that the district court erred in failing to instruct the jury that it could convict them of the lesser included misdemeanor offense on evidence presented at trial showing that the value of standing juniper to the land owner was $100.00 per thousand board feet.[10] *See* ROA Vol. 10 at 155, 199–201. Though they maintain that the stumpage price is the value appropriately assigned to the logs delivered to the government, they fail to explain why they should be placed in the position of the government as a landowner selling standing timber. No evidence was presented at the trial that the defendants represented themselves to be landowners selling standing timber. To the contrary, the evidence establishes beyond dispute that the defendants were selling and the undercover government agents were purchasing cut and delivered logs. Based upon this evidence, the value appropriately assigned to the cut and delivered logs was the value of such logs when sold in that condition to a mill. The argument that the logs should be valued as if they were sold as standing timber has no merit.

Here, the defendants established the value of the cut and delivered logs at $300.00 to $350.00 per thousand board feet. That price was consistent with the prevailing market price. Additionally, that price is relevant to establishing the value of the timber because the value of stolen property in a "thieves' market" is a legitimate measure of market value in a section 641 prosecution. *See United States v. Wright,* 661 F.2d 60 (5th Cir. Unit B 1981);[11] *United States v. Boyd,* 446 F.2d 1267, 1274 n. 20

(5th Cir.1971). Applying the price agreed upon at the inception of the crime, the logs delivered to the government agents exceeded $100.00 in value even under the more restrictive Doyle method of measurement. No relevant evidence existed to support a finding that the logs were worth less than $100.00. The trial court recognized as much during the charge conference when it stated that "the evidence is very clear that [the value of the timber] was at least in excess of [$100.00]. There is no basis for giving a lesser included [offense instruction] as to Count 1." ROA Vol. 11 at p. 209. In light of the undisputed evidence that the defendants agreed to provide the logs at $300.00–$350.00 per thousand board feet and in view of the fact that the defendants delivered at least 907 board feet of logs in return for $313.00, the trial court correctly determined that under the circumstances of this case the evidence did not justify an instruction on the lesser included misdemeanor offense.[12]

■ Additionally, the district court's decision not to instruct the jury on the lesser included offense was correct when considered with Dean's proffered basis for such an instruction. During the charge conference, Dean's counsel urged the lesser offense instruction premised upon his contention that Dean actually received only $60.00 or $70.00. He based this argument on the division of the money received among the numerous defendants. The court correctly pointed out that the dispositive factor was the value of the property taken and not the amount each defendant actually received as spoils of the crime. *See* ROA Vol. 11 at pp. 208–11.

9. Evidence presented at the trial indicated that some of the logs delivered were not of commercial quality. *See* ROA Vol. 10 at pp. 213–14.

10. This price is known as the "stumpage" price. "Stumpage is what one should expect to gain off of the value of his trees when he sold them standing on the stump." ROA Vol. 10 at p. 198–99. "Mill price is when the trees have been cut, brought in and loaded on a truck and carried to a mill and scaled at the mill." *Id.* at 199.

11. In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982), the Eleventh Circuit

adopted as precedent all decisions of Unit B of the former Fifth Circuit.

12. In its instructions to the jury, the court clearly identified "value" as an element of the offense and stated that the defendants Langston, Melton and Dean could be found guilty only if the government proved beyond a reasonable doubt that the property described in the indictment had a value in excess of $100.00. ROA Vol. 2 at Docket no. 146, p. 2.

In summary, we conclude that the district court properly declined to instruct the jury that it might find the defendants Dean and Melton guilty of the lesser included misdemeanor offense proscribed by section 641. The court ascertained that under these circumstances the appropriate measure of value was the value of logs cut and delivered to a mill rather than the stumpage price and that the evidence established the value of the timber at an amount no less than $313.30, an amount nearly identical to the money actually paid to the defendants. Since that amount clearly exceeds the $100.00 minimum required to prosecute the defendants for a felony violation of section 641, the evidence did not justify the giving of the disputed instruction. Based upon the foregoing, the judgment of the district court is

AFFIRMED.